UNITED STATES of America, Appellee,

v.

Hyman ABRAMS, Appellant.

No. 742, Docket 34090.

United States Court of Appeals, Second Circuit.

Argued April 30, 1970.

Decided June 3, 1970.

Sheldon H. Elsen, New York City (Orans, Elsen & Polstein, Mortimer Todel, Lewis Shapiro, and John S. Martin, Jr., New York City, of counsel), for appellant.

Jack Kaplan, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for Southern Dist. of New York, Maurice M. McDermott and John H. Gross, Asst. U. S. Attys., of counsel), for appellee.

Jack Wesserman, Washington, D. C., Association of Immigration and Nationality Lawyers, submitted a brief amicus curiae.

Before HAYS, ANDERSON and FEINBERG, Circuit Judges.

HAYS, Circuit Judge.

Appellant, an attorney specializing in immigration law, appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York upon a jury's verdict finding him guilty on two counts of causing false statements to be made to the Immigration and Naturalization Service (INS), in violation of 18 U.S.C. § 1001 (1964) and 18 U.S.C. § 2 (1964), on one count of endeavoring to influence a witness in a proceeding before the INS, in violation of 18 U.S.C. § 1505 (1964), and on two counts of causing an alien to fail to carry and have in his personal possession a certificate of alien registration, in violation of 8 U.S.C. § 1304(e) (1964) and 18 U.S.C. § 2 (1964).[1]

In urging the reversal of his conviction appellant contends: (1) that the exercise of his privilege against self incrimination was improperly called to the attention of the jury, in violation of his rights under the Fourth and Fifth Amendments; (2) that the cross-examination of Leon Rosen, an attorney who testified as a defense expert on immigration matters, improperly conveyed to the jury the impression that the witness and the appellant were associated with other lawyers charged with immigration frauds; (3) that the trial court's charge on the count of endeavoring to influence a witness in a proceeding before a government agency constituted plain error, and that in any event it was error to submit this count to the jury; (4) that the trial court committed plain error in failing to charge that appellant's clients who testified for the prosecution were accomplices whose testimony should be scrutinized with special care; (5) that there was insufficient evidence to support appellant's conviction as to one of the counts of causing false statements to be made; and (6) that his conviction on two counts of causing an alien to fail to have personal possession of his certificate of alien registration violated the requirements of due process.

---

1. Appellant was originally indicted on 60 counts, charging various offenses in connection with his practice of immigration law. Twenty-eight of these counts were severed prior to trial. Appellant was acquitted on twenty-seven counts.

Appellant was sentenced to a term of one year's imprisonment on each of the two counts charging a violation of 18 U.S.C. § 1001 and 18 U.S.C. § 2 and on the count charging a violation of 18 U.S. C. § 1505. A term of one month's imprisonment was imposed on each of the two misdemeanor counts charging a violation of 8 U.S.C. § 1304(e) and 18 U.S.C. § 2 The sentences run concurrently.

We find no merit in appellant's contentions and accordingly affirm the judgment of conviction.

## I.

Appellant's claim that the exercise of his privilege against self incrimination was improperly brought to the attention of the jury is based upon the following incident. The prosecution, during cross-examination of appellant's wife, who was also his secretary, called upon her to produce certain files, which had been suppressed on appellant's motion prior to trial. Appellant's counsel waited until the following morning to interpose an objection outside the hearing of the jury. The trial judge sustained the objection, but ruled that as a matter of fairness to the government, the objection should be repeated in the presence of the jury. Appellant claims that by thus forcing to the attention of the jury the exercise of his privilege against self incrimination, his constitutional rights were violated.

The problem appellant raises is not one of constitutional dimensions. The privilege against self incrimination is not a prohibition against all inquiry. See 8 Wigmore on Evidence § 2268, at 402 (McNaughton rev. 1961). Specific instances of prosecutorial misconduct in the face of knowledge that the privilege will be asserted or of the creation of inferences adding critical weight to the prosecution's case may be so prejudicial as to require reversal. See Namet v. United States, 373 U.S. 179, 185–190, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963). That, however, is not the case here. We do not believe the prosecution's request for the files evidenced a deliberate attempt to call to the attention of the jury appellant's prior exercise of his privilege against self incrimination. The prosecution had some basis for believing it was now entitled to inspect the files; appellant's wife admitted that she had studied the files in preparation for her testimony. In any event, the prosecution's conduct, if improper, represented only a "minor lapse" in the context of the entire trial. See United States v. Hiss, 185 F.2d 822, 832 (2d Cir. 1950), cert. denied, 340 U.S. 948, 71 S.Ct. 532, 95 L.Ed. 683 (1951). Nor do we believe the jury could have drawn any inferences from the incident of critical importance to the prosecution's case. In calling for the files, the prosecution made no reference to the fact that appellant had previously exercised his privilege against self incrimination with regard to them. The court required appellant's counsel to make only a general non-specific objection to the production of the files, and accordingly counsel merely objected to the production of the files "at this particular time." This was not a case where the jury was certain to infer that appellant had previously exercised his privilege against self incrimination. See United States v. Gross, 276 F.2d 816, 820–821, (2d Cir.), cert. denied, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525 (1960); Fletcher v. United States, 118 U.S.App.D.C. 137, 332 F.2d 724 (1964). Even assuming the jury might have drawn an inference prejudicial to appellant, not only did appellant's counsel help create the situation by failing to make timely objection to a line of questioning obviously pointed towards a request for the files, see United States v. Five Cases, etc., 179 F.2d 519, 523–524 (2d Cir.), cert. denied, 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372 (1950), but the court's careful instruction to the jury, upon sustaining the objection, that the files need not be produced "as a matter of law" and that the jury was to "draw no inferences from that one way or another," was sufficient to cure any prejudice inherent in the situation. See Namet v. United States, *supra*, 373 U.S. at 187, 83 S.Ct. 1151.

## II.

The prosecution's examination of Leon Rosen, appellant's expert witness, did not exceed the permissible scope of cross-examination. Cross-examination elicited no more than that the witness was friendly with appellant and that he had previously testified as a defense ex-

pert in two similar cases. The witness' friendship with appellant and his testifying as a defense witness in two similar cases were both relevant on the issue of bias. The trial judge did not abuse his discretion in permitting this line of inquiry. See United States v. Lester, 248 F.2d 329, 334 (2d Cir. 1957); 3 Wigmore on Evidence § 949 (3d ed. 1940).

### III.

Count 5 charged that appellant corruptly endeavored to influence Lilleth Downer, a witness in a proceeding before the INS. Mrs. Downer testified at the trial that her employer, a Mrs. Gittelman, had died and that appellant told her not to divulge Mrs. Gittelman's death to the INS but to claim that she was still working for her. When she sought to carry out appellant's instructions she found that the INS investigator was aware of Mrs. Gittelman's death. Upon being taxed with lying Mrs. Downer told the investigator the whole story including Abrams' role. When later she reported to Abrams what had happened he tried to persuade her to go to the INS and recant her statement to the investigator.

Although appellant did not object to the charge given on Count 5, he now claims that it was so prejudicially erroneous as to constitute plain error cognizable under Rule 52(b), Fed.R. Crim.P. The crux of appellant's argument is that the jury, by its acquittal on Count 4 which charged appellant with advising Mrs. Downer to lie to the INS about her employer's death, indicated that it convicted appellant on Count 5 even though it found that appellant had sought only to obtain a statement from Mrs. Downer of what had happened. This, appellant concludes, shows that the court's charge did not sufficiently apprise the jury of what it had to find in order to convict on Count 5 and that the error sufficiently influenced the verdict as to constitute plain error.

Appellant's argument is untenable. The acquittal on the related count shows no more than a possible inconsistency in the jury's verdict and cannot be used to undermine the correctness of a conviction on another count. See Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932); United States v. Carbone, 378 F.2d 420 (2d Cir.), cert. denied, 389 U.S. 914, 88 S.Ct. 242, 19 L.Ed. 2d 262 (1967); United States v. Kahn, 366 F.2d 259, 262 (2d Cir.), cert. denied, sub nom. Pacelli v. United States, 385 U.S. 948, 87 S.Ct. 321, 17 L.Ed.2d 226 (1966).

The trial court's charge, which included an instruction to the effect that appellant must be found, beyond a reasonable doubt, to have acted, "corruptly," defined as "with improper motive, a bad and evil purpose," was adequate to apprise the jury that appellant could not be convicted for attempting to obtain what he believed to be a true statement. There is no basis for a finding of reversible error. See United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

Appellant contends that in any event it was error to submit Count 5 to the jury, since there was no evidence that he intended to influence an agency proceeding. The offense under 18 U.S.C. § 1505 (1964) is to influence a witness, not necessarily to directly influence the proceeding itself, and there was sufficient evidence to convict appellant on this charge. Nor do we think there can be any doubt that an application for voluntary departure is a "proceeding" within the intent of 18 U.S.C. § 1505 (1964).

### IV.

Although appellant did not request a special instruction on accomplice testimony, he now claims that the failure to give such a charge also constituted plain error. It is preferable to charge the jury that accomplice testimony should be scrutinized with special care and caution. However this circuit does not require that the charge be given unless substantial prejudice results from its

omission. See United States v. Cianchetti, 315 F.2d 584, 592 (2d Cir. 1963). The trial judge gave the usual instruction concerning the weight to be given to the testimony of witnesses as affected by their bias or interest in the case, and under the circumstances of this case, the omission of the special instruction on accomplice testimony does not justify reversal.

## V.

 There was sufficient evidence to convict appellant on the count charging that he had caused the making of a false statement in an affidavit relating to an application for an extension of stay. The affidavit, purportedly made by a client's son, stated that the client intended to depart the United States on a scheduled date and had made plans for such departure. Although appellant may not have been specifically aware of what his client's plans for departure were, the jury could have found from the evidence that appellant acted with reckless disregard of whether the statements made were true and with a conscious purpose to avoid learning the truth. See United States v. Simon, 425 F.2d 796 (2d Cir. Nov. 12, 1969), cert. denied, 397 U.S. 1006, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970); Bentel v. United States, 13 F.2d 327, 329 (2d Cir.), cert. denied sub nom. Amos v. United States, 273 U.S. 713, 47 S.Ct. 109, 71 L.Ed. 854 (1926).

## VI.

Finally, appellant contends that his conviction for causing an alien to fail to have personal possession of his certificate of alien registration rests upon an unconstitutionally vague application of the statute requiring possession, 8 U.S.C. § 1304(e) (1964). He claims that since the INS required the certificate, here the I-94 form, to be submitted with various applications made by an attorney on behalf of his client and since the INS invariably returned the I-94 to the attorney rather than to his client, he has been convicted for what the government, by its action, gave him reason to believe was entirely proper. We cannot agree. Appellant kept the I-94's in question for over a period of three years. No legitimate reason justified their retention over this prolonged period. Appellant was on notice that such retention was illegal. In fact he was specifically instructed by an agent of the INS to return the forms to his clients. Under the circumstances, we believe appellant was made sufficiently aware of the illegality of his conduct so as to preclude any claim that his conviction on these counts represented a denial of due process.

Furthermore, the I-94 form is clearly a "certificate of alien registration" within the meaning of 8 U.S.C. § 1304(e) (1964). The I-94 was properly designated as an alien registration form in 8 C.F.R. 264.1(b) (1969), pursuant to statutory authority contained in 8 U.S.C. § 1304(d) (1964). Amicus claims to the contrary are rejected.

The judgment of conviction is affirmed.