**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gerson BACHER, a/k/a George Bacher,**
**Defendant-Appellant.**

**No. 28374.**

United States Court of Appeals, Fifth Circuit.

July 27, 1970.

Rehearing Denied Aug. 13, 1970.

**664**

James J. Hogan, Alan E. Weinstein, Miami Beach, Fla., for appellant.

Robert W. Rust, U. S. Atty., Morton Orbach, Neal R. Sonnett, Asst. U. S. Attys., William A. Daniel, Jr., Asst. U. S. Atty., Miami, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal in a criminal tax case. Two questions are posed: (1) May a defendant assert as error on appeal the failure to give a charge to the jury which was specifically withdrawn? (2) Is a remark by the court in the presence of the jury that a loan which formed a part of the basis of the criminal charge was "probably illegal" so prejudicial to the defendant's substantial rights as to warrant a reversal, when an offer by the court to give any correcting instruction defendant's counsel might suggest was never accepted? We answer both questions in the negative and affirm.

Defendant requested a charge to the jury that he was entitled to rely upon the advice of his accountants. The court agreed to give the charge, but it was inadvertently omitted. At the end of the charge the court asked if any requested instructions had been omitted. A recess was taken to provide both counsel an opportunity to check. After the recess and out of the presence of the jury, counsel for defendant[1] stated on the record:

> "If Your Honor, please, I will withdraw any [requests for instructions] that the Court inadvertently omitted. I am satisfied that the instructions were complete, but I have no objection to the Court not giving any that may have been inadvertently omitted."

Needless to say, the omitted instruction was very likely crucial.

It should be noted that trial counsel in the instant case was retained by defendant. Whether the withdrawal of the requested charge was the result of an error on counsel's part or was trial strategy that miscarried we do not know. In our opinion it makes no difference. Full opportunity to object was given and no objection was made. Rule 30, Fed.R.Crim.P., provides the complete answer when it states that "no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

During the examination of one witness, the following colloquy was exchanged between the witness and the judge:

> "THE COURT: Is it your opinion that a stockholder may take corporate money and insist it be charged to a loan account?
>
> THE WITNESS: Well, he borrowed the funds—
>
> THE COURT: Does it not require the Directors to pass on those things or somebody in authority? By your

---

1. Defendant-appellant is represented by other counsel on this appeal.

method, he was not even a majority stockholder.

THE WITNESS: But there was evidence that he had repaid loans during this period, also.

THE COURT: I know, but the fact that there had been a bad practice one time does not admit it a second time. That was unusual, was it not, and probably illegal."

No objection was then made but later, after the luncheon recess defendant's counsel asked about the remark and the court offered to correct it stating "Whatever you want, Dave, you put it in writing and I will accept that." He did not move for a mistrial. He stated he would reflect on the desirability of doing anything to correct the remark but he never did avail himself of the court's offer. We believe that under the circumstances the record indicates that counsel made a strategic decision to waive the point rather than run the risk of emphasizing the remark in the minds of the jury. We do not think that the court's remark affected any substantial right of the defendant. *See* Rule 52, Fed.R.Crim.P. and Fitzgerald v. United States, 324 F.2d 153 (5th Cir.1963), cert. denied 376 U.S. 944, 84 S.Ct. 798, 11 L.Ed.2d 768 (1964).

Affirmed.