**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles THOMAS, Defendant-Appellant.**

**No. 73–1150.**

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1973.

Decided Sept. 25, 1973.

Certiorari Denied Oct. 15, 1973.

See 94 S.Ct. 253.

---

------◆------

Frederick Taft, Cleveland, Ohio, for defendant-appellant; James D. London (Court appointed), Cleveland, Ohio, on brief.

Joseph H. Hart, U. S. Dept. of Justice, Cleveland, Ohio, for plaintiff-appellee; Frederick M. Coleman, U. S. Atty., David Margolis, Joseph H. Hart. Sp. Attys., U. S. Dept. of Justice, Cleveland, Ohio, on brief.

Before PECK and McCREE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

O'SULLIVAN, Senior Circuit Judge.

We consider the appeal of Charles Thomas from conviction upon jury trial, on all counts of a four-count indictment charging violation of the federal gun control laws. In Counts I, II and III he was charged with making false or fictitious statements to a licensed firearms dealer in connection with his purchase of a handgun, all in violation of 18 U.S.C. § 922(a)(6).[1] These several counts charged, respectively, that at the time of the purchase on March 31, 1971, Thomas had represented that he was not then under indictment for a felony, that he had never been convicted of a felony, and that he had never been discharged from the United States Armed Forces under dishonorable conditions.

1. This statute provides:
 "§ 922. *Unlawful acts*
  (a) It shall be unlawful—
    \*    \*    \*    \*    \*
  (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to

The charged misrepresentations were contained in answers to questions set out in a Firearms Transaction Record (IRS Form 4473). It was stipulated that all of these answers were false in that Thomas was under indictment at the time of purchase, that he had previously been convicted of a felony and had been dishonorably discharged from the army. Thomas' defense was that while he signed the mentioned form, he was not the author of the answers made to the questions set out in the form. He said the answers had been inserted into the form by the pawnbroker-seller without asking him the relevant questions, and he had merely affixed his signature in the proper space at the direction of the dealer. The gun dealer, one Carl P. Carbon, testified that Thomas had in fact responded negatively to each of the relevant questions and that he, the gun dealer, had correctly inserted such answers into the form prior to its execution by Thomas.

Count IV of the indictment charged violation of 18 U.S.C. § 1202(a) Appendix, in that prior to the time of purchase of the gun, appellant had, on April 19, 1948, and on April 22, 1948, been convicted by Courts Martial of two felonies; had on May 5, 1948, been dishonorably discharged from the army; and on March 31, 1971 (the date of purchase of the gun) did receive and possess the gun contrary to the statute which provides, in part:

"§ 1202

(a) Any person who—

\*    \*    \*    \*    \*    \*

(2) has been discharged from the Armed Forces under dishonorable conditions,

make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter."

*   *   *   *   *   *

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

Appellant received one year concurrent sentences on all four counts, which sentences were to run concurrently with the sentence imposed in another prosecution.[2]

We affirm.

Appellant does not challenge the sufficiency of the evidence upon which he was convicted. The errors assigned to support his appeal have to do with the Court's charge, and he also attacks the constitutionality of the involved statutes. He charges:

### I.

That relevant to the credibility of the gun dealer, the trial judge should have advised the jury that it was against the law for such a dealer to sell a gun to someone known to the dealer to be under indictment for, or convicted of, a felony. 18 U.S.C. § 922(d)(i).

There was some evidence that in January, 1971, Thomas told the dealer that he had been arrested. The indictment which followed such arrest, however, was not returned until February. Although Thomas did testify at one point that he had told the dealer that he was under indictment, a fair reading of his testimony makes clear that the conversation in which the general subject was discussed occurred before the indictment.

■ Appellant's argument is that such knowledge provided a strong incentive for such dealer to perjure himself in his testimony regarding execution of the IRS form. The involved instruction was first proposed by the prosecution, but was later withdrawn. The defense

then asked that it be given, but it was not included in the Court's charge. At its conclusion, and upon invitation to do so, defense offered no criticism of the charge except to say "No, only the ones that I have made prior to this time. I have no additional comments." No specific reference was made to the instruction which was omitted, and we consider that Rule 30 F.R.Crim.P. forbids now assigning as error omission of the instruction.

■■ Defense counsel, in his closing argument, and without objection, asserted the claimed motivation for false testimony by the dealer. Apart from application of Rule 30, the omission of the instruction did not, in our view, visit prejudice upon appellant. Adequate instructions on credibility were given to the jury, and we do not consider that it was reversible error to fail to give an instruction giving special emphasis to a defense theory already argued to the jury. Blauner v. United States, 293 F. 2d 723, 738 (8th Cir.), cert. denied, 368 U.S. 931, 82 S.Ct. 368, 7 L.Ed.2d 193 (1961). In all events, if some error resides in the matter, it is harmless error beyond a reasonable doubt.

### II.

■ Error is charged in the Court's definition of "knowingly" as such term is used in 18 U.S.C. § 922(a)(6)— "Knowingly to make a false oral or written statement."

The District Judge's charge included:

"An act is done knowingly if done voluntarily and intentionally and not because of innocent mistake or accident. In order to find that the Defendant knowingly made a false statement on Form No. 447, the jury is not required to find that the Defendant actually read the form or had it read to him, if the jury finds from the evidence beyond a reasonable

---

2. Thomas was convicted of possessing stolen postal money orders and sentenced to five years imprisonment. Sentencing for all of these convictions took place on November

13, 1972. This Court has recently affirmed Thomas' conviction in the money order case —United States v. Thomas, 480 F.2d 926 (6th Cir. 1973).

doubt that the Defendant acted with reckless disregard of whether the statements made were true or with a conscious purpose to avoid learning the truth.

"The jury is instructed that all the circumstances surrounding the transaction are to be considered in determining whether the Defendant was adequately alerted to read Form No. 4473 by the form itself or by other factors."

Although defense counsel did object to this instruction, such objection did not articulate the reason for the objection, thus to satisfy the requirement of Rule 30 F.R.Crim.P. Additionally, and independently of such shortcoming, we consider the challenged instruction was proper.

In United States v. Abrams, 427 F.2d 86 (2d Cir. 1970), the Second Circuit was dealing with a charged violation of 18 U.S.C. § 1001 which provides:

"Whoever . . . knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing . . . knowing the same to contain any false, . . . statement . . . shall be fined not more than $10,000 . . . ."

The case then under consideration had to do with conviction of a lawyer for making false statements to the Immigration and Naturalization Service. Although not considering the propriety of an instruction on the element of "knowingly," the Court said:

"Although appellant may not have been specifically aware of what his client's plans for departure were, the jury could have found from the evidence that appellant acted with reckless disregard of whether the statements made were true and with a conscious purpose to avoid learning the truth. See United States v. Simon, 425 F.2d 796 (2d Cir. 1969), cert. denied, 397 U.S. 1006, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970); Bentel v. United States, 13 F.2d 327, 329 (2d Cir.) cert. denied sub nom. Amos v. United States, 273 U.S. 713, 47 S.Ct. 109, 71 L.Ed. 854 (1926)." 427 F.2d at 91.

In United States v. Sarantos, 455 F.2d 877 (2nd Cir. 1972), the Second Circuit was again dealing with conviction of an attorney for conspiring to make false statements to the Immigration and Naturalization Service. Involved was 18 U.S.C. § 1001, set out above. Considering the propriety of an instruction given to the jury, Judge Feinberg, with concurrences by Judges Friendly and Davis, said:

"After defining knowingly and wilfully as meaning that 'one knows what he or she is doing, as distinguished from an inadvertent or careless act,' the court further charged the jury that:

. . . if you find that Mr. Sarantos acted with reckless disregard of whether the statements made were true or with a conscious effort to avoid learning the truth, this requirement is satisfied, even though you may find that he was not specifically aware of the facts which would establish the falsity of the statements." 455 F.2d at 880.

Further considering the quoted instruction, the Court said:

"We stand by our decision in *Abrams*. Its purpose in cases such as this was to prevent an individual like Sarantos from circumventing criminal sanctions merely by deliberately closing his eyes to the obvious risk that he is engaging in unlawful conduct. Our ruling in *Abrams* was intended to foreclose this possible loophole, not to create a new crime as defendant suggests. Compare Morissette v. United States, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L. Ed. 288 (1952). Construing 'knowingly' in a criminal statute to include wilful blindness to the existence of a fact is no radical concept in the law." 455 F.2d at 881.

■ Additional criticism of the instruction under consideration is the trial judge's use of the disjunctive "or" instead of "and" in the phrase referring to whether defendant,

"acted with reckless disregard of whether the statements made were true *or* with a conscious purpose to avoid learning the truth."

We find this criticism without substantial merit. See United States v. Sarantos, *supra,* 455 F.2d at 882.

### III.

Appellant asks reversal of his conviction of the offense charged in Count III upon the following ground:

"The conviction of defendant on Count No. 3 of the indictment is void because 18 U.S.C. § 922(a)(6) does not prohibit the conduct of which defendant was accused, to wit, the making of a false statement that the defendant had never been dishonorably discharged from the armed forces."

■ Count III charged violation of 18 U.S.C. § 922(a)(6) because of appellant's negative answer to the question as to whether he had been dishonorably discharged from the Armed Forces. His answer was false. Section 922(a)(6) makes it a crime for anyone attempting acquisition of a firearm,

"to make any false or fictitious oral or written statement . . . with respect to any fact material to the lawfulness of the sale . . . ."

This statute does not directly say that a previous dishonorable discharge is a fact "material to the lawfulness of the sale." However, 18 U.S.C. § 1202(a) Appendix, makes it unlawful for one so dishonorably discharged "to receive, possess or transport" a firearm. The District Judge, correctly in our view, told the jury that a dishonorable discharge was a fact "material to the lawfulness of the sale." No objection was made to such instruction. Although no attack was made on Count III by motion or otherwise in the District Court, appellant's address to us includes this:

"Since the allegations of Count III do not make out a crime, appellant's conviction thereunder is void . . . ."

We find no merit in this assertion.

### IV.

A further charge of error is:

"Mr. Thomas has been denied the due process of law guaranteed by the Fifth Amendment to the United States Constitution."

Appellant's wide-ranging argument to support the foregoing first asserts:

"The statutes under which the defendant was convicted create legislative classifications for which there is no rational basis."

■ We will not attempt pursuit of the very extensive dissertation by the defense on this point. The opinion of Chief Judge Phillips, writing for this Court in United States v. Day, 476 F.2d 562 (6th Cir. 1973), makes clear and adequate answers to the above quoted attack on the gun control laws.

### V.

■ Appellant's final argument is that the absence of a mens rea requirement in 18 U.S.C. § 1202(a) Appendix, violates his right to due process of law.

This argument was faced by the Ninth Circuit in United States v. Crow, 439 F.2d 1193 (9th Cir. 1971), vacated on other grounds, 404 U.S. 1009, 92 S. Ct. 687, 30 L.Ed.2d 657 (1972), where Section 1202(a) was upheld.

The Ninth Circuit, in dealing with the issue of whether the challenged statute, 18 U.S.C. § 1202(a) Appendix, required knowledge or intent, said:

"The trial court held that it does not, except as the word 'possession' imports a knowing possession. We agree. Crow argues that the government must show that he knew that it was unlawful to possess the gun. The statute does not say so; it does not use the word 'knowingly' or 'intentionally' or 'wilfully' or any other compa-

rable word. On its face, it makes possession alone an offense. We know of no reason for reading guilty knowledge into the statute.

\* \* \* \* \* \*

"Thus the government need not allege or prove knowledge that the gun was not registered. The reasoning of those cases is applicable to § 1202(a). Like the National Firearms Act, it is a regulation of the traffic in firearms; like that Act, it makes possession the offense and does not require *scienter*." 439 F.2d at 1195.

We hold that Section 1202(a) Appendix is valid.

Appellant's conviction is affirmed.