UNITED STATES of America, Plaintiff-Appellee,

v.

William Byron EVANS, a/k/a Wesley Evans, and Lois A. Evans, Defendants-Appellants.

UNITED STATES of America, Plaintiff-Appellee,

v.

Boyd E. EVANS, Defendant-Appellant.

Nos. 76–1972 and 76–2498.

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1977.

Rehearing and Rehearing En Banc Denied Oct. 17, 1977.

William B. Barnett, Orlando, Fla., Henry B. Rothblatt, New York City, for L. Evans.

Henry George White, Melrose, Fla. (Court-appointed), for Wm. Evans.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Mark L. Horwitz, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Henry B. Rothblatt, New York City, for B. Evans.

Before WISDOM, SIMPSON and TJOFLAT, Circuit Judges.

PER CURIAM:

These consolidated appeals involve the fraudulent submission of claims under the Medicare program. Lois Evans was found guilty on all thirteen counts for violating 18 U.S.C. § 1001.[1] William Byron Evans was found guilty on two of these counts, and Boyd D. Evans, in a separate trial, was found guilty on three counts. On appeal, the defendants challenge the trial court's charge to the jury.[2] We find no error and affirm their convictions.

### I.

The claim by the Government at both trials was that there was a conscious plan of business activities by all three Evans to submit and cause to be submitted false and excessive bills under the Medicare program for services supplied by the defendants' medical services supply company to elderly citizens on Medicare. The company, Evans Respirator Center (ERC), in which all three Evans had an interest was a company to supply and service respiration equipment. Many of ERC's patients were eligible for Medicare benefits to cover part of the cost of such equipment. ERC initially communicated with patients and determined whether they were eligible for Medicare benefits for services to be rendered to them by ERC. ERC asked the patients to sign a lease for the particular durable equipment that had been prescribed for them. In addition, patients were asked to sign twelve copies of Social Security Administration form No. 1490. The forms were signed in blank and subsequently used by ERC to submit claims for services rendered during the twelve month period covered by the lease agreement. The Government claim, supported by the evidence, was that all three of the Evans participated in a scheme whereby services would be included on these forms and billed to Medicare which the patients did not receive.

### II.

The only issue that merits discussion is the claimed impropriety of the trial

---

1. The statute states:

   Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and wilfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

   18 U.S.C. § 1001. For background on the statute, *see United States v. Lange*, 5 Cir. 1976, 528 F.2d 1280, 1283 n.2.

2. The appellants contend that the district court erred with respect to the exclusion of certain testimony, the scope of examination at trial, and the sufficiency of the evidence to support the verdicts. These contentions are without merit and do not warrant discussion.

court's instruction.[3] Specifically, the defendants attack a portion of the charge that reads "the term knowingly and wilfully as used in relation to the making of a statement means the statement must have been made voluntarily, deliberately, and intentionally, and with knowledge of its contents and falsity of its contents as distinguished from the making of a false statement by inadvertence, mistake, carelessness or for any other innocent reason."

"However, a person who makes a statement with *reckless disregard of the truthfulness of the statement and with the conscious purpose to avoid learning the truthfulness of the statement,* is deemed to have knowledge of this statement and its truthfulness or lack thereof." (Emphasis supplied.) The appellants assert that the charge is erroneous on the ground that reckless disregard of the falsity of the statement and a conscious effort to avoid learning the truth does not amount to "knowledge".

This charge has been approved in cases involving 18 U.S.C. § 1001 by the Second and Sixth Circuits. *See, e. g., United States v. Abrams,* 2 Cir. 1970, 427 F.2d 86, *cert. denied,* 400 U.S. 832, 91 S.Ct. 64, 27 L.Ed.2d 63; *United States v. Egenberg,* 2 Cir. 1971, 441 F.2d 441, *cert. denied,* 404 U.S. 994, 92 S.Ct. 530, 30 L.Ed.2d 546; *United States v. Thomas,* 6 Cir. 1973, 484 F.2d 909, *cert. denied,* 1974, 415 U.S. 924, 94 S.Ct. 1428, 39 L.Ed.2d 480. In *United States v. Sarantos,* 2 Cir. 1972, 455 F.2d 877, 881, the Second Circuit, approving an instruction similar to that attacked here,[4] relied on its earlier decisions in *Abrams* and *Egenberg* and then stated:

We stand by our decision in *Abrams.* Its purpose in cases such as this was to prevent an individual like Sarantos from circumventing criminal sanctions merely by deliberately closing his eyes to the obvious risk that he is engaging in unlawful conduct. Our ruling in *Abrams* was intended to foreclose this possible loophole, not to create a new crime as defendant suggests. Construing "knowingly" in a criminal statute to include wilful blindness to the existence of a fact is no radical concept in the law. [Citations omitted.]

We are in accord with the Second and Sixth Circuits and with the views expressed in *Sarantos.* In fact, although not addressing the claim raised in the instant case, in *United States v. Lange,* 5 Cir. 1976, 528 F.2d 1280, 1288, we stated that "[a] violation of § 1001 requires proof that the defendant had the specific intent to make a false or fraudulent statement. The misrepresentation must have been made deliberately, knowingly, and wilfully, or *at least with reckless disregard of the truth and with a conscious purpose to avoid learning the truth.*" (Citations omitted and emphasis added.) Consequently, we find that the instruction here is proper and affirm the judgment of the district court.

AFFIRMED.

---

**3.** It is claimed that since Boyd Evans did not object to the instruction below he should be precluded from assigning the charge in question as error. *See, e. g., United States v. Mancuso,* 5 Cir. 1970, 423 F.2d 23, *cert. denied,* 400 U.S. 839, 91 S.Ct. 79, 27 L.Ed.2d 73, *United States v. Bacher,* 5 Cir. 1970, 430 F.2d 663. In light of our disposition, made necessary by the timely objections to the charge by the other defendants, we need not consider this claim.

**4.** The court in *Sarantos* was faced with a charge that allowed conviction where there was reckless disregard of the truth *or* conscious purpose to avoid learning the truth. The court felt that the use of "or" instead of "and", although not to be recommended, was at worst harmless error. In the instant case, however,. properly the conjunctive "and" was used.