**UNITED STATES of America,**
**Plaintiff,**

v.

**Sherman G. BLOSSER, Defendant.**

**No. 02–40074–01–JAR.**

United States District Court,
D. Kansas.

Dec. 17, 2002.

---

Anthony W. Mattivi, Office of U.S. Atty., Topeka, KS, for plaintiff.

Melody J. Evans, Office of Public Defender, Topeka, KS, for defendant.

## ORDER AND JUDGMENT

ROBINSON, District Judge.

On November 26, 2002, this matter was tried to the Court on Counts I and II of the Indictment filed herein. Anthony W. Mattivi, Assistant United States Attorney appeared on behalf of the government. The defendant appeared in person and was represented by counsel, Melody Evans, Assistant Federal Public Defender. The case was tried to the Court on stipulated facts; the government called no witnesses. The defendant testified.

Following the entry of stipulated facts and testimony of the defendant, the Court found the defendant, Sherman G. Blosser, guilty of Count II, Possession of a Firearm after a Domestic Violence Conviction, pursuant to 18 United States Code § 922(g)(9) ("U.S.C."). The Court took Count I under advisement. After a full review of the evidence, testimony presented and research of the legal issues involved, the Court is prepared to enter judgment as to Count I, making a false or fictitious statement in connection with the acquisition of a firearm. For the following reasons, the

Court finds the defendant guilty as charged in Count I.

## I. 18 U.S.C. § 922(a)(6)

18 U.S.C. § 922(a)(6) prohibits knowingly making a false or fictitious statement, written or oral, in the acquisition of a firearm when that statement is intended to or likely to deceive the dealer.[1] Defendant's indictment reads as follows as to Count I:

### Count I

On or about the 17th day of January, 2002, in the District of Kansas, the defendant,

### SHERMAN G. BLOSSER

in connection with his acquisition of a firearm, to wit: an AMT Automag II.22 caliber pistol, serial number H42049, from Nick's Pawn Shop, a licensed firearms dealer, knowingly made a false and fictitious written statement to Nick's Pawn Shop, which statement was likely to deceive Nick's Pawn Shop as to a fact material to the lawfulness of such acquisition of said firearm to the defendant under chapter 44 of Title 18, in that defendant denied having been previously convicted of a crime of domestic violence when in fact defendant well and fully knew that he had been convicted of a crime of domestic battery on December 6, 2001, in the Municipal Court of Salina, Kansas, all in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### A. General v. Specific Intent Crimes

█ Section 922(a)(6) is a general intent crime.[2] In *United States v. Beebe*,[3] the Tenth Circuit stated that "[s]ection

---

1. 18 U.S.C. § 922(a)(6) (2000).

2. *United States v. Burton*, 103 F.3d 131, *3 (6th Cir.1996) (unpublished opinion) (cita-

tions omitted); *Cody v. United States*, 460 F.2d 34, 37–38 (8th Cir.1972).

3. 467 F.2d 222 (10th Cir.1972).

922(a)(6) does not require a showing that [defendant] violated the law. It simply requires evidence that he 'knowingly' made a false statement."[4] This statement is the gravamen of the difference between specific and general intent crimes. A specific intent crime requires the defendant know that his actions violate the law; thus, he must "knowingly" violate the law. A general intent crime only requires that a defendant know the facts of what he is doing; thus, in this case, he must "knowingly" give a false statement.

## B. "Knowingly" Provide a False or Fictitious Statement

■ Defendant testified, and defense counsel argued to the Court, that the defendant did not have the necessary mens rea to "knowingly" give a false statement. Essentially, the argument is that defendant believed he had only been convicted of the crime of simple battery against his biological daughter and that because he had appealed the decision, the conviction no longer existed.

Many circuits have considered whether "knowingly" as used in § 922(a)(6) can only be satisfied by actual knowledge of the statements' falsity.[5] Those circuits answered that in the negative. The Second Circuit best describes the meaning and purpose Congress intended of the "knowingly" element. In *Abrams*,[6] and reaffirmed in *United States v. Sarantos*,[7] the Second Circuit stated that the purpose of this law "was to prevent an individual . . . from circumventing criminal sanctions merely by deliberately closing his eyes to the obvious risk that he is engaging in unlawful conduct."[8]

Based on that interpretation, courts have held that knowingly can be proved by either 1) a showing that defendant actually knew the statement was false, *or* 2) by proof that the defendant made the statement with a deliberate disregard for whether it was true or false with a conscious purpose to avoid learning the truth.[9] And while the United States Supreme Court has not specifically approved this reading of the word "knowingly," the Court has stated that "awareness of a high probability that a fact exists may properly be equated with knowledge in the interpretation of criminal statutes."[10]

In *Hester*, the defendant was charged under § 922(a)(6) for answering "no" on ATF Form 4473, when asked if he was currently under indictment. The defendant had previously been indicted in federal court on felony charges. He received a summons, had appeared on several occasions and was represented by counsel. In the firearm case, the defendant argued that he was unaware that he was under "indictment," but he knew that he was "in trouble."[11] The court found that even if his alleged confusion prevented him from having actual knowledge that he was under indictment, the circumstances still supported his "knowingly" making a false statement. Hester knew that he had formal charges filed against him. He had

---

4. *Id.* at 226 (citing *Cody,* 460 F.2d at 37).

5. *United States v. Hester,* 880 F.2d 799 (4th Cir.1989); *United States v. Jewell,* 532 F.2d 697 (9th Cir.1976); *United States v. Wright,* 537 F.2d 1144 (1st Cir.1976); *United States v. Thomas,* 484 F.2d 909 (6th Cir.1973); *United States v. Abrams,* 427 F.2d 86 (2d Cir.1970).

6. 427 F.2d at 91.

7. 455 F.2d 877 (2nd Cir.1972).

8. *Id.* at 881

9. *Hester,* 880 F.2d at 802–03; *Thomas,* 484 F.2d at 912–13.

10. *Hester,* 880 F.2d at 803 n. 4 (citing *Leary v. United States,* 395 U.S. 6, 46 n. 93, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969)). *But see Jewell,* 532 F.2d at 705–08 (Kennedy, J. dissenting).

11. *Hester,* 880 F.2d at 801.

been to court several times on those charges and was represented by counsel. These circumstances supported a finding that by answering "no" to whether he was under indictment showed a deliberate disregard for whether it was true or false with a conscious purpose to avoid learning the truth. This satisfied the mens rea under § 922(a)6.

Similarly, in *Beebe*,[12] the defendant also filled out ATF Form 4473 to acquire a firearm. In doing so, he stated that he had not been convicted of a felony. Beebe had previously pled guilty to a felony charge and was sentenced to five years imprisonment. However, the sentence was suspended by the Superior Court of California and he was committed to a rehabilitation center for seven years. Beebe's argument on appeal was that he did not understand that he was convicted of a felony. Beebe argued that because his conviction had been suspended and converted to a civil proceeding and commitment for treatment, he was unaware that the old conviction would still prevent him from purchasing a firearm.

The Court found this argument without merit. Despite the conversion of his sentence, he had still been convicted of a felony and because this is a general intent crime, he did not have to know he was illegally acquiring a firearm under § 922(a)(6).

Mr. Blosser's argument is similar to the argument in *Beebe*. He knew he had been convicted in Salina Municipal Court, but because of the appeal of that conviction, he did not believe his conviction still stood and that he was prevented from possessing a firearm under federal law. Just as in *Beebe*, Mr. Blosser did not have to know he was violating the law for his actions to come under § 922(a)(6).

The defendant in *United States v. Nord*[13] was similarly situated as Mr. Blosser. That defendant was charged and convicted under 18 U.S.C. § 922(h), for knowingly receiving firearms, transported in interstate commerce, after being convicted of a felony. The defendant argued that he could not be convicted under this statute because he did not know he was a convicted felon. The defendant was convicted of a felony, with a possible five year term of imprisonment. After a term of probation, that conviction was reduced to a misdemeanor, pursuant to applicable state law.[14] Further, the state notified the defendant that his civil liberties were restored.[15] Because of the change in his status under state law, the defendant argued that he did not "knowingly" receive firearms after a felony conviction, in violation of federal law. To his knowledge, he argued, he was no longer a convicted felon for purposes of the § 922.[16] The court

---

12. 467 F.2d 222.

13. 586 F.2d 1288 (8th Cir.1978).

14. Minn.Stat. Ann. § 609.13 (1987) (mandating that a felony conviction is a misdemeanor conviction if the sentence is stayed, a term of probation is successfully completed without any prison time served).

15. *Nord,* 586 F.2d at 1290; Minn.Stat. Ann. § 609.165 (1987).

16. The defendant in *Nord* also argued an entrapment defense in that the judge told him

that "if you behave yourself this charge will then be reduced to a misdemeanor and you will not be convicted of a felony." *Id.* at 1290. Mr. Blosser also argued this defense to the Court, unsuccessfully. The court in *Nord* found this argument without merit as the defendant was advised that he could have been sentenced to a maximum of five years for his crime. When he signed ATF Form 4473, he indicated that he had not had a prior conviction where the judge could have sentenced him to prison for over one year. Mr. Blosser was never advised that he could have a firearm and was never affirmatively misled by a judicial official.

found this argument without merit. Whether the state law restored rights to the defendant or not, the federal firearms law advised that a prohibition exists if you were ever convicted of a felony that *could* have resulted in a sentence of imprisonment for over one year. The defendant in *Nord* could have received a maximum of five years, thus, he fell under the purview of the statute. Similarly, Mr. Blosser's alleged confusion as to the legal meaning of the appeal process from the municipal court did not prevent him from knowing that he had been convicted of a crime of battery against his biological daughter.

 Intent to give false information in acquiring a firearm is not always direct. It can be inferred from the defendant's conduct.[17] In this case, the defendant knew of his conviction in municipal court. When he read the question asking whether he had been convicted of a crime of domestic violence, he did so with full knowledge that a court had determined that he had battered his biological daughter.

Defendant also testified that not only did he believe that the appeal erased his conviction but also that because he was convicted of simple battery, he had not been convicted of a crime of domestic violence. Defendant testified that he quickly answered "no" to the question without reading the information on the very same line, immediately after the question. This information, coupled with the definition it referred the reader to, explained that a crime of domestic violence need not be titled domestic violence so long as it in-volved the "use or attempted use of physical force committed by a current or former spouse, parent, or guardian of the victim or by a person with a similar relationship with the victim."[18] Mr. Blosser's obvious knowledge of the outcome of the municipal court proceedings, coupled with his admission that he did not read the entire question block or the definition, allow the court to infer his intent.

Mr. Blosser knowingly made a false statement to acquire a firearm after being convicted of a crime of domestic violence, in violation of 18 U.S.C. § 922(a)(6). He possessed the necessary mens rea by deliberately disregarding whether his answer was true or false, with a conscious purpose to avoid learning the truth. Mr. Blosser merely had to read the full question block and the definition section it referred him to, to realize that his conviction met the definition of a crime of domestic violence.[19] He was convicted of simple battery in using physical force against his biological daughter, a crime of domestic violence federal definition and his appeal to the district court of that conviction did nothing more than stay the proceedings from continuing. The conviction still stood.[20]

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant is adjudged guilty of both Count I and Count II of the indictment. The matter shall be set for sentencing by the clerk of the court.

**17.** *United States v. Hernandez,* 913 F.2d 1506, 1513 (10th Cir.1990).

**18.** ATF Form 4473, question 9(k) and definition section five.

**19.** This Court previously determined, in an earlier order deciding a motion to dismiss indictment, that the crime for which defendant was convicted fit the federal definition.

**20.** This Court previously determined, in a written order, that the appeal process within the two tier system of municipal and state courts, did not vacate or erase a conviction. It merely stayed the proceedings pending the outcome of the appeal.