**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard Dwight ABRAVAYA,**
**Defendant-Appellant.**

**No. 79–5559**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 2, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Donald L. Ferguson, Miami, Fla., for defendant-appellant.

Jeffrey H. Kay, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

GARZA, Circuit Judge:

By a four count indictment, the Appellant was charged with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), conspiracy to import cocaine into the United States in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), importing a quantity of cocaine into the United States in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2 and possession of a quantity of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The only issue on appeal is whether the trial court's instruction to the jury, unsolicited by either side, concerning plea bargain agreements of unindicted coconspirators buttressed the credibility of those witnesses to the prejudice of the Appellant. We find no error and affirm.

The evidence, taken in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), came predominantly from the testimony of five unindicted coconspirators. All five individuals had negotiated plea bargains with the government arising out of an earlier indictment regarding a number of cocaine transactions with Appellant, including the instant one. Each individual testified that he had been involved in cocaine transactions with the Appellant. Some of the witnesses testified to numerous transactions of purchasing cocaine from Appellant. The major transaction charged in the indictment involved an attempt to smuggle cocaine into the United States from Peru. The evidence showed that coconspirators Gary Leveque, James Wagner, Mark Freedman and Mark Mullaney all invested or assisted in the investment of money with the Appellant for a shipment of cocaine from Peru. Joseph Sheffler, another unindicted coconspirator, served as the courier who received the cocaine in Peru and attempted to bring it into the United States. He was arrested by United States Customs Officials at Miami International Airport.

The fact that Appellant's accusers had all previously pled guilty was continually mentioned during the instant trial. Both counsel for the government and the defense referred to the plea bargains in opening statements, during direct and cross-examination of the coconspirators and in closing arguments.

During his instruction to the jury, the trial judge noted that the coconspirators in this case had entered into plea agreements with the government and that such plea bargains are lawful and proper and expressly provided for in the rules of the court. The judge, however, followed this with a cautionary instruction that evidence from such witnesses must be "received with caution and weighed with greater care." The judge also instructed the jury that a defendant should not be convicted upon the unsupported testimony of an alleged accomplice unless that testimony is believed beyond a reasonable doubt. Additionally, the judge stated that a plea of guilty by an alleged accomplice is not evidence in and of itself of the guilt of another person.

No objections were made to the trial judge's instructions. Thus, this court may reverse only if plain error was present. *See United States v. Fowler*, 605 F.2d 181, 184 (5th Cir. 1979). When a trial judge's instructions to the jury have been challenged, this court must examine the entire charge and determine if, taken as a whole, the issues and the law were properly presented to the jury. *See United States v. Arguelles*, 594 F.2d 109, 112 n. 3 (5th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 124, 62 L.Ed.2d 81 (1979); *United States v.*

*Chandler*, 586 F.2d 593, 606 (5th Cir. 1978), *cert. denied*, 440 U.S. 927, 99 S.Ct. 1262, 59 L.Ed.2d 483 (1979).

█ In the present case, the trial judge commented on the existence of the plea bargains, which had been mentioned repeatedly throughout the trial by both sides. Such an instruction was merely a helpful explanation of facts brought to the jury's attention by both government and defense counsel. Although that particular instruction had been unsolicited, both sides had read the court's charges before they were given and had no objection. The trial judge then adequately and clearly cautioned the jury as to those witness' testimony as well as to the fact that an admission of guilt by one person is not necessarily evidence of guilt as to another person. At the close of the court's instructions, both sides were again given the opportunity to object and did not do so. Based upon an examination of the trial judge's instructions regarding the plea bargains, taken as a whole, there was absolutely no error, plain or otherwise.

AFFIRMED.