**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lester Irvin REEVES,**
**Defendant-Appellant.**

**No. 84–1512.**

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1985.

Rehearing and Rehearing En Banc
Denied March 12, 1985.

Scott McLarty, Athens, Ga., for defendant-appellant.

James A. Rolfe, U.S. Atty., Christopher Lee Milner, Dallas, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

## I.

This case is an appeal from a conviction under 26 U.S.C. § 7212(a) for "corruptly" endeavoring to obstruct the due administration of Title 26.[1] The appellant, Reeves, was charged in a two-count indictment returned on July 12, 1983, by a federal grand jury sitting in Dallas, Texas. Count I of the indictment charged a violation of the mail fraud statute, 18 U.S.C. § 1341. Count II charged corrupt interference with the Internal Revenue Service, a violation of 26 U.S.C. § 7212(a). Both charges arose from the filing of a "common law lien" by Reeves in the deed records office of the Denton County Courthouse, in Denton, Texas on March 22, 1983, against the residence of Douglas W. LeClaire, a criminal investigator with the Criminal Investigation Division of the Internal Revenue Service.

Reeves' action toward LeClaire stemmed from LeClaire's investigation of Reeves' income tax returns for the years 1979, 1980, and 1981. On December 2, 1982, LeClaire and a fellow investigator, Mark Carmena, drove to Reeves' home outside Terrell, Texas, where they found Reeves and explained their purpose for visiting. Reeves answered questions cooperatively for approximately ten minutes, but refused to answer questions about the ownership of the land he occupied. He terminated the interview and LeClaire and Carmena promptly left the premises. LeClaire issued routine summonses to seven financial institutions for bank records concerning Reeves, sending copies of the summonses to Reeves by certified mail. Reeves did not attempt to quash the summonses, but on

1. The text of section 7212(a) is as follows:

 **(A) Corrupt or forcible interference**

 Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force," as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

March 8, 1983, executed a common law lien against the residence of Agent LeClaire and recorded it in the Denton County, Texas deeds records office on March 22, 1983. This lien purported to attach to LeClaire's residence and demanded payment of $250,000.

Reeves waived his right to a trial by jury and was tried before the bench on March 20 and 21, 1984. At trial LeClaire testified that he and his family had been substantially upset by the lien, although he made no effort to remove it until after Reeves' prosecution. LeClaire also stated that the lien had interfered with his efforts to sell his house.

Reeves maintained at trial that he had placed the lien in preparation for a suit he planned to bring against LeClaire and the IRS for violation of his constitutional rights. The trial court rejected this argument and held that Reeves' constitutional claims were frivolous.

Reeves also maintained that he had not placed the lien "corruptly" as that term is used in section 7212(a) and that his behavior was protected by the first amendment's guarantee of freedom to petition under *United States v. Hylton*, 710 F.2d 1106 (5th Cir.1983). These claims were also rejected by the court. Following the trial, Reeves was convicted of violation of 26 U.S.C. 7212(a) and sentenced to three years in prison. The district court expressly adopted the definition of "corruptly" as meaning "with improper motive or bad or evil purpose" in convicting Reeves under section 7212(a). Count I of the indictment was dismissed on motion of the government.

Notice of appeal was filed by Reeves on June 13, 1984. On June 13, 1984, he also filed a Rule 35 motion to reduce sentence, and on June 26, 1984, the court reduced Reeves' sentence to two years in prison.

On appeal, Reeves continues to argue that his filing was not done "corruptly" under section 7212(a). He maintains that the trial court erred in adopting its definition of the term. He also continues to maintain that his behavior was protected under the first amendment.

The government asserts that the trial court's definition of "corruptly" is correct, relying on cases decided under 18 U.S.C. § 1503 and § 1505, which contain language substantially similar to the language of section 7212(a).[2] The government also con-

---

2. The texts of sections 1503 and 1505 are:

**§ 1503. Influencing or injuring officer or juror generally**

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officers, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

**§ 1505. Obstruction of proceedings before department, agencies, and committees**

Whoever, with intent to avoid, evade, prevent, or obstruct compliance, in whole or in part, with any civil investigative demand duly and properly made under the Antitrust Civil Process Act, willfully withholds, misrepresents, removes from any place, conceals, covers up, destroys, mutilates, alters, or by other means falsifies any documentary material, answers to written interrogatories, or oral testimony, which is the subject of such demand; or attempts to do so or solicits another to do so; or

Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress—

tends that *Hylton* does not extend to the protection of the filings of frivolous actions such as the one in this case.

Because our review of the language of section 7212(a), its legislative history, and the constitutional considerations relevant to this case convinces us that the district court erred in adopting the definition of "corruptly" as meaning "with improper motive or bad or evil purpose," we reverse Reeves' conviction and remand this case to the district court for reconsideration consistent with our holding here.

## II.

### A.

■ We turn first to the language of the statute. Without a clearly expressed legislative intention to the contrary, statutory language must usually be considered controlling. *Escondido Mutual Water v. La Jolla*, — U.S. —, 104 S.Ct. 2105, 80 L.Ed.2d 753 (1984).

■ On its face, the statute condemns those who "corruptly" endeavor to intimidate or impede certain government agents or in any other way "corruptly" endeavor to obstruct or impede the due administration of the title; we must therefore determine what "corruptly" means in this context.

■ It is unlikely that "corruptly" merely means "intentionally" or "with improper motive or bad or evil purpose." First, the word "endeavor" already carries the requirement of intent; one cannot "endeavor" what one does not already "intend." Similarly, the mere purpose of obstructing the tax laws is "improper" and "bad"; therefore, to interpret "corruptly" to mean either "intentionally" or "with an improper motive or bad or evil purpose" is to render "corruptly" redundant. A statute should be read to avoid rendering its language redundant if reasonably possible. *Meltzer v. Board of Public Instruction*, 548 F.2d 559 n. 38 (5th Cir.1977). This is especially true in the present case where "the key

Shall be fined not more than $5,000 or

words in the statute are 'corruptly' and 'endeavors.' " *United States v. Cioffi*, 493 F.2d 1111, 1118 (2d Cir.1974) (interpreting 18 U.S.C. § 1503). "Corruptly" is a word with strong connotations; it is difficult to believe Congress included this "key" word only to have it read out of the statute or absorbed into the meaning of "endeavor."

We have found no cases interpreting the word "corruptly" in section 7212, but cases interpreting analogous sections of the United States Code have interpreted "corruptly" not to mean "with improper motive or bad or evil purpose." In the case most closely on point, *United States v. Ogle*, 613 F.2d 233 (10th Cir.1979), the defendant contended that the jury instructions in that case "should have included reference to an evil motive, something bad, wicked or having an evil purpose." *Ogle* at 238. The court disagreed, pointing out that "corruptly" is not used in this fashion in 18 U.S.C. § 1503, the statute at issue in that case. "The term 'corruptly' does not superimpose a[n] ... element ... such as a desire to undermine the moral character of a juror. Rather, it is directed to the effort to bring about a particular result such as affecting the verdict of a jury or the testimony of a witness...." *Id.* at 239. "Corruptly" ordinarily describes "[a]n act done *with an intent to give some advantage* inconsistent with the official duty and rights of others.... It includes bribery but is more comprehensive, because an act may be corruptly done though the advantage to be derived from it be not offered by another." *Id.*, at 238 (emphasis added). Similarly, the language of section 7212(a) is not directed at actions motivated by all "bad," "evil" or "improper" purposes; rather, section 7212(a) is directed at efforts to bring about a particular advantage such as impeding the collection of one's taxes, the taxes of another, or the auditing of one's or another's tax records. It is therefore unlikely that the interpretation of "corruptly" as meaning "with improper motive or bad or evil purpose" is an accurate interpretation

imprisoned not more than five years, or both.

of the meaning of the word as it is used in section 7212(a).

Although the special considerations surrounding a criminal trial have caused courts interpreting section 1503 to impute "corrupt" intent to many practices, the independent significance of this term has not been suppressed. Thus, "to obstruct or impede the due administration of justice is per se unlawful and is *tantamount* to doing the act corruptly." *Ogle* at 238 (emphasis added). Thus, where a defendant has endeavored to obstruct a criminal proceeding, the "advantage inconsistent with the duties and rights of others" is so clear that courts have often been willing to impute the desire to obtain such advantage on a *per se* basis. Nevertheless, the requirement that the obstruction be done "corruptly" remains of independent significance. It is true that any endeavor to obstruct justice if accompanied by the requisite corrupt intent can be a violation of section 1503, and that the corrupt intent may often be inferred from the endeavor itself. *United States v. Howard*, 569 F.2d 1331 (5th Cir.1978). Such "endeavors" need not involve force or threats of force; in this sense section 1503 and section 1505 have been given a "broad and all-inclusive meaning." *United States v. Browning*, 630 F.2d 694, 701 (10th Cir.1980). But this does not mean the statutes are to be given a sweep beyond the meaning of their language. Criminal statutes are to be strictly construed, *Federal Maritime Comm. v. Seatrain Lines*, 411 U.S. 726, 93 S.Ct. 1773, 36 L.Ed.2d 620 (1973); and sections 1503, 1505 and 7212(a) are certainly not exceptions to this rule. *United States v. Baker*, 494 F.2d 1262 (6th Cir.1974) (holding that section 1503 is to be strictly construed). A strict construction of the statute will not permit one of its "key" words to be virtually suppressed.

The special circumstances surrounding criminal proceedings which render many acts to obstruct justice *per se* corrupt do not exist in cases involving the Internal Revenue Service. Section 1503 covers only conduct that is related to a pending judicial proceeding. *Howard* at 1336 n. 9. Thus, section 1503 presupposes a proceeding the disruption of which will almost necessarily result in an improper advantage to one side in the case. Because interference with the administration of the tax laws need not concern a proceeding in which a party stands to gain an improper advantage, there is no reason to presume that *every* annoyance or impeding of an IRS agent is done *per se* "corruptly." A disgruntled taxpayer may annoy a revenue agent with no intent to gain any advantage or benefit other than the satisfaction of annoying the agent. Such actions by taxpayers are not to be condoned, but neither are they "corrupt" under section 7212(a). In such circumstances the agent will normally have a state civil remedy against the taxpayer. If the taxpayer's actions involve force or the threat of force, they violate section 7212(a)'s prohibition against such behavior.

In addition, we have upheld section 1503 as not unconstitutional on vagueness grounds largely because the statute covers only actions related to pending judicial proceedings, thus providing adequate notice to potential violators. *Howard* at 1336 n. 9. In contrast, the Internal Revenue Service is permitted great power to intrude on, and investigate virtually every aspect of economic life to effect its purpose of administering the tax laws; thus, the narrow circumstances in which section 1503 applies have no parallel in cases involving section 7212(a). We have noted in the past that except for those narrow circumstances "we would tend to agree with the . . . claim that the statute [1503] . . . is unconstitutionally vague." *Howard* at 1336. Since section 7212(a) is not restrained by the fact that it is narrowly applicable, we cannot say with as much assurance that potential violators will be put on notice that their conduct is "corrupt" in the eyes of the law by the context involved as is the case under section 1503. Accordingly, we are obligated to interpret section 7212(a) to specifically insure that potential violators will be on notice of what constitutes corrupt behavior under section 7212(a); merely prohibiting "bad," "evil" and "improper" purposes is

very probably insufficient where, as here, a statute reaches such a broad category of circumstances.

■ The government's reliance on cases in which jury instructions defining "corruptly" as "with improper motive or bad or evil purpose" under the "plain error" standard is misplaced. In *United States v. Partin*, 552 F.2d 621 (5th Cir.1977) and *United States v. Abrams*, 427 F.2d 86 (2d Cir.1970), the defendants failed to object to jury instructions defining "corruptly" at trial. Where a defendant fails to object to a jury instruction at trial and raises the issue first on appeal, an appellate court will uphold even an inaccurate jury instruction provided no "plain error" has resulted from the inaccuracy. *United States v. Abravaya*, 616 F.2d 250 (5th Cir.1980). On appeal the defendants in both cases argued that the instructions permitted conviction even on a finding that the defendants' "endeavor" had only been to "influence" the juror or witness to act according to his duties. The appellate courts affirmed the convictions, holding that the instructions did not permit conviction for such wholly innocent behavior, and accordingly that no "plain error" resulted. This court remarked in *Partin* that the jury instructions in that case were not well phrased and the issue of whether "corruptly" means "with improper

motive and bad or evil purpose" was not raised at all. *Partin* at 643. *Partin* cannot be read as a blanket affirmation of the jury instruction given in that case; and, in addition, the differences between the circumstances in which section 1503 applies and those in which section 7212(a) applies, discussed above, warrant interpreting section 7212(a) to make more explicit its requirement of corrupt intent.

The present case is not to be reviewed under the "plain error" standard; here the trial was before the bench and the court adopted its construction of the statute over the defendant's objections. Under these circumstances an appellate court cannot affirm a conviction predicated on an inaccurate interpretation of the law unless the inaccuracy was harmless error. *United States v. Mackey*, 571 F.2d 376 (7th Cir. 1978).[3]

**B.**

The legislative history supports an interpretation of section 7212(a) as forbidding endeavors intended to give "some advantage inconsistent with the rights and duties of others" under the tax laws. The Senate report on the bill which became section 7212 gives only one example of what the statute means by "corruptly endeavor": corrupt solicitation.[4] The term "corruptly

3. We recognize that there is unexplained dicta against the position we adopt here in *United States v. Ryan*, 455 F.2d 728 (9th Cir.1972) (reversing conviction under section 1503, but stating that "corruptly" in that statute means "for an evil or wicked purpose"). The *Ryan* dicta, however, is totally unrelated to the discussion and outcome in that case.

4. The relevant portion of the Senate report on section 7212 is as follows:
This section corresponds to that of the House bill except for a substantive change in subsection (a). In subsection (a) the House bill provided that any of the offenses described therein are to be punishable by a fine of not more than $5,000, or by imprisonment for not more than 3 years, or both. The substantive change made by your committee amends subsection (a) by defining threats of force as meaning threats of bodily harm to the officer or employee of the United States or to a member of his family, and by providing that if the offense is committed only by threats of

force it is to be punishable by a fine of not more than $3,000, or imprisonment for not more than 1 year, or both.
Subsection (a) of this section, relating to the intimidation or impeding of any officer or employee of the United States acting in an official capacity under this title, or by force or threat of force attempting to obstruct or impede the due administration of this title is new in part. This section provides for the punishment of threats or threatening acts against agents of the Internal Revenue Service, or any other officer or employee of the United States, or members of the families of such persons, on account of the performance by such agents or officers or employees of their official duties. This section will also punish the corrupt solicitation of an internal revenue employee.
Subsection (a) of this section is broader than section 111 of title 18 of the United States Code, relating to persons assaulting, resisting, or impeding certain officers or em-

endeavor" is broader than corrupt solicitation, but corrupt solicitation is a paradigm of a corrupt endeavor. *Ogle.* The statute's broad prohibition against corrupt endeavors should be construed to prohibit those acts substantially similar in result to the offenses expressly mentioned. *Howard* at 1333; *see also United States v. Griffin,* 589 F.2d 200 (5th Cir.1979) (both interpreting language of 18 U.S.C. § 1503). The House bill is described by the Senate report as identical to the Senate bill with the exception of the Senate's addition of a new definition and a new maximum penalty for the use of threats of force; the two bills coincided on their definitions of "corruptly." Accordingly, the legislative history of section 7212(a) supports interpreting its prohibition against "corruptly" endeavoring to impede or obstruct Title 26 as forbidding those acts done with the intent to secure an unlawful benefit either for oneself or for another.

### C.

The definition of "corruptly" as meaning "with improper motive or bad or evil purpose" could potentially raise a question about the overbreadth of section 7212(a) as well as the question of vagueness touched on above. We construe section 7212(a) in order to avoid raising the possibility of "overbreadth" problems under the first amendment. This court has held that the filing of a nonfrivolous criminal complaint against the agents of the Internal Revenue Service is protected under the first amendment even where the filing is motivated by a bad or improper desire to impede the agents' investigation: "[W]e consider it irrelevant to the applicability of the right to petition [guaranteed by the first amendment] that its exercise might have the effect of causing ... injury to ... [an] official ... or even that the complainer may be aware of or pleased by the prospect of such injury." *United States v. Hylton,* 710 F.2d 1106, 1112 (5th Cir.1983) (quoting *Stern v.*

*United States Gypsum,* 547 F.2d 1329, 1343 (7th Cir.1977)).

Thus, even if the filing of a frivolous common law lien is not protected by the first amendment guarantee of freedom to petition, such filings are at least adjacent to areas of protected activity. It is possible that where the filer has a "bad" motive, the only factor distinguishing a protected from an unprotected filing would be the frivolousness of the lien were we to adopt the trial court's definition of "corruptly." In addressing the free speech guarantee of the first amendment, the Court has noted that overbreadth is possible where conduct "falls close to the line separating the lawful and unlawful, the possibility of mistaken fact-finding—inherent in all litigation—will create the danger that ... legitimate ... [action] will be penalized." *Speiser v. Randall,* 357 U.S. 513, 526, 78 S.Ct. 1332, 1342, 2 L.Ed.2d 1460 (1958). Similar considerations apply to the guarantee of freedom to petition. To interpret "corruptly" as meaning "with an improper motive or bad or evil purpose" would raise the potential of "overbreadth" in this statute because of the potential chilling effect on protected activities. "[T]he Court has a duty to construe a federal statute to avoid constitutional questions where such a construction is reasonably possible." *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). This constitutionally based duty reaffirms our interpretation of the language of the statute and its legislative history. Where "corruptly" is taken to require an intent to secure an unlawful advantage or benefit, the statute does not infringe on first amendment guarantees and is not "overbroad." *See Bill Johnson's Restaurants v. NLRB,* 461 U.S. 731, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983); *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

### III.

 We hold that the filing of frivolous common law liens with the intention of

---

ployees of the United States while engaged in the performance of their official duties, in that it covers threats of force (including any

threatening letter or communication) or corrupt solicitation.

securing improper benefits or advantages for one's self or for others constitutes a prohibited corrupt endeavor under section 7212(a). In the present case it may be that Reeves meant to impede or intimidate officers or agents of the Internal Revenue Service from collecting his just debt of taxes due or from scrutinizing his tax accounts; or it may be that he engaged in this conduct to secure an improper advantage or benefit for other unnamed persons or groups of persons. If this is the case, his actions constituted a corrupt endeavor under section 7212(a).

■ However, the district court expressly adopted the definition of "corruptly" as meaning "with improper motive or bad or wicked purpose" over the defendant's objections. In these circumstances we cannot say that the court's definition constituted harmless error. Accordingly, we reverse Reeves' conviction and remand the case to the trial court for reconsideration consistent with our holding here. We express no opinion on whether a new trial is necessary, but leave this to the sound discretion of the district court.

REVERSED and REMANDED.

GEE, Circuit Judge, concurring:

I concur in Judge Jolly's scholarly opinion, writing briefly to highlight my reason for doing so.

I see little difference between seeking to influence an agent's actions by carrots or by sticks. In my view, either could be "corrupt." But the essence of § 7212(a) seems to be the attempt to influence or impede the government agent's official actions, and I can conceive of actions taken "with improper motive" that arise from simple contrariness and not from such a motive. Among these, perhaps, might fall paying one's tax with sacks of pennies or handing the agent a certified check for taxes due and then punching him in the nose. I doubt that either of these should properly be punished with a prison term as "corrupt," although the latter, at least, should call forth an appropriate state law remedy.

JERRE S. WILLIAMS, Circuit Judge, dissenting:

The ingenious "tax protestors" and their advisors continue to create outlandish claims and devices to try to avoid paying their fair share of the costs of supporting the nation of which they are citizens. I must dissent from the opinion of the majority setting aside the conviction of protestor Reeves in this case. His action in filing a quarter million dollar lien on the residence of the IRS agent who was handling his case is as clear and blatant a corrupt action designed to impede the collection of taxes as one could imagine. Yet, because the majority of the Court felt that the district court, upon bench trial, too broadly stated the definition of the word "corrupt", it concludes that the conviction has to be reversed.

I dissent because Section 7212(a) was correctly applied to the facts of this case. But even if it was not correct, the error was harmless. I recognize that my brother Jolly's opinion is carefully reasoned, and undoubtedly leaves broad strength in the statute in question. I dissent only because it does not leave quite the breadth of strength in the statute that the statute rightly demands, and under the statute as correctly applied this conviction should stand.

As a starting point, I cannot accept the restrictive way that the majority opinion undertakes to report on the interpretation of the word "corrupt" in Sections 1503 and 1505. While it is true that the holdings are not crisp and with complete firmness, the district court properly could conclude as adequately established that under those two sections the word "corrupt" means "with improper motive or bad or evil purpose". Pragmatically, this interpretation under those sections is established by *United States v. Partin*, 552 F.2d 621, 642 (5th Cir.1977); *United States v. Ryan*, 455 F.2d 728, 734 (9th Cir.1972); and *United States v. Abrams*, 427 F.2d 86, 90 (2d Cir.) *cert. denied*, 400 U.S. 832, 91 S.Ct. 64, 27

L.Ed.2d 63 (1970). Once such an interpretation is established under a part of the Criminal Code, 18 U.S.C. §§ 1503, 1505, it is more reasonable to interpret the same word to have the same meaning elsewhere in laws establishing criminal offenses. The meticulous parsing of the statutory provisions found in the majority opinion does not change the fact that the word is the same and is used in similar contexts. I would conclude, therefore, that appellant was properly convicted under the stated interpretation of the district court that "corruptly" in Section 7212(a) means "with improper motive or bad or wicked purpose."

The essential thrust of the majority opinion, as reinforced by Judge Gee's specially concurring opinion, is that this interpretation of the word "corruptly" in Section 7212(a) is overbroad or is too vague to justify application under a statute which is limited to impeding Internal Revenue Service employees or impeding in other ways the due administration of the Internal Revenue Code. It is my firm conviction that this is not so as applied to the facts of this case. And the facts of this case are what is important to the analysis.

The possibility that this statutory provision could be applied to someone who in exasperation physically assaults an IRS officer is not relevant to this case. In this case a wholly false, dishonest, and frivolous lien was put on the residence of the IRS agent. It caused him a great deal of difficulty, including monetary loss. Even if the basic motive for filing the lien was spite, it was up to the finder of fact to decide if the action was obstructing the due administration of the IRS, and that it was done with criminal intent, and the finder of fact did so.

It is well established law under the companion doctrines of overbreadth and void for vagueness that we do not demand statutes be drafted with such certainty that they eliminate any possibility of the wording conceivably being broad enough to cover non-criminal acts. Such a requirement demands too much, as Chief Justice Warren said in *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954):

> The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that *his* contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.

> On the other hand, if the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague even though marginal cases could be put where doubts might arise. (Emphasis added to stress the fact that it is the accused's situation which controls, not someone else's.)

*See also United States Civil Service Commission v. National Ass'n of Letter Carriers,* 413 U.S. 548, 578, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973).

Professor Tribe in his treatise, AMERICAN CONSTITUTIONAL LAW, states the principle most clearly on p. 718: "The conclusion that a statute is too vague and therefore void as a matter of due process is thus unlikely to be triggered without two findings: that the individual challenging the statute is indeed one of the entrapped innocent, and that it would have been practical for the legislature to draft more precisely."

Without considering other extreme situations that might or might not fall under the statute, this convicted person as a person of ordinary intelligence would know that placing the false lien on the property of the Internal Revenue agent was "corrupt". It was "with improper motive or bad or wicked purpose" and other adjectives obviously could be applied to it—adjectives such as dishonest, malicious, and the like. This accused was adequately warned. He did not suffer from whatever vagueness or undue breadth there may be in the statute. Therefore, he is not in a position to claim that the statute cannot be applied to him on these facts.

The only departure from the general rules set out above has to do with those cases involving specific constitutional liberties, such as free speech, where the overbreadth or vagueness of the statute discourages constitutionally protected conduct. *E.g., Coates v. Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971). That consideration is not present to the least degree in this case. It is true that appellant undertook to claim that his filing of the lien was part of his "right to petition" the government under the First Amendment. The claim is obviously specious, as the district court held. It cannot by any stretch of the imagination fall under our decision in *United States v. Hylton,* 710 F.2d 1106 (5th Cir.1983), in which we upheld the right of tax protestors to refuse to allow IRS agents to trespass on their property even though their motive was to obstruct the IRS in the administration of its statutory functions. In that case we found the filing of criminal trespass complaints against the IRS agents nonfraudulent. In this case the action of the appellant was properly found to be fraudulent.

Finally, even if the district court did interpret the word "corruptly" too broadly in reaching its conclusion in this case, the error clearly was harmless. This was not a trial to a jury. The critical words were not contained in instructions to a jury. The judge himself made the decision as to guilt or innocence. Assuming that the court's interpretation of the word "corruptly" was too broad to be a proper jury instruction, the issue before the court was whether the action of this accused in placing this false and fraudulent lien on the property of the IRS agent was corrupt. By any definition of the word it was. Once the district court decided that the lien was false and fraudulent, as it clearly had to do to find accused guilty, there was no question but that the statute covered it. Nothing more needed to be shown. So if the court's statement of the breadth of the interpretation of the word "corruptly" is "too broad", it is harmless error in this case under these facts.

In evaluating harmless error, the rule is as stated by the Supreme Court in *Kotteakos v. United States,* 328 U.S. 750, 764, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946), "If when all is said and done the conviction is sure that the error did not influence the jury or had but a very slight effect, the verdict and judgment should stand...." We quoted this rule in *United States v. Jennings,* 527 F.2d 862, 868 (5th Cir.1976). Also in *Jennings,* we pointed out that it is well established that an error which might be prejudicial in a close case does not require reversal when the evidence of guilt is strong. *Id.* at 868. In this case the evidence is strong on these facts, and there is also far less chance of prejudice in this bench trial than with an erroneous instruction to a jury.

It follows that this case should not be reversed for a new trial after this tax protestor has been found guilty of a corrupt action to impede the work of the IRS by filing a quarter million dollar false and fraudulent tax lien on the property of the agent who was handling his case. Under no conceivable circumstances was this accused not given a fair trial under a statutory application that rightfully covered his conduct. Being firmly convinced of this, I must dissent.