**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lester REEVES, Defendant-Appellant.**

**No. 85–1384**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 19, 1986.

---

Frank P. Hernandez, Dallas, Tex., for defendant-appellant.

Marvin Collins, U.S. Atty., Christopher Lee Milner, Lynn Hastings, Asst. U.S. Attys., Dallas, Tex., for plaintiff-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Reeves was indicted under 26 U.S.C. § 7212(a) (1982) for "corruptly" endeavoring to obstruct or impede the due administration of the Internal Revenue Code. *United States v. Reeves* (Reeves I), 752 F.2d 995, 996 (5th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 107, 88 L.Ed.2d 87 (1985). This charge stemmed from Reeves' filing of a so-called "common law lien" in the deed records of Denton County, Texas, against the residence of Douglas LeClaire, a criminal investigator with the Internal Revenue Service who had been involved in an investigation of Reeves' tax returns. The lien attached to LeClaire's residence and purported to secure payment of $250,000. 752 F.2d at 997.

Reeves waived his right to trial by jury. The district court, defining "corruptly," for the purpose of § 7212(a), as meaning "with improper motive or bad or evil purpose," convicted Reeves of violating § 7212(a). 752 F.2d at 997.

On appeal, this Court reversed, holding that the district court's definition of "corruptly" was erroneous, and remanded. 752 F.2d at 1001–02.

Following remand, Reeves filed a demand for jury trial, which the district court denied. The district court reconsidered the

facts established in the original bench trial in light of this Court's definition of "corruptly" and again convicted Reeves, who again appeals to us.

Reeves contends that the district court erred in refusing him a jury trial on remand. In support of this contention Reeves cites cases to the effect that a waiver of the right to trial by jury is not effective on *retrial* of the same case and that on retrial the right to trial by jury reattaches. *United States v. Groth*, 682 F.2d 578 (6th Cir.1982); *United States v. Lee*, 539 F.2d 606 (6th Cir.1976); *F.M. Davies & Co. v. Porter*, 248 F. 397 (8th Cir. 1918); and *cf. United States v. Lutz*, 420 F.2d 414 (3d Cir.), *cert. denied*, 398 U.S. 911, 90 S.Ct. 1709, 26 L.Ed.2d 73 (1970). However, on remand the district court did not retry this case.

In remanding to the district court for reconsideration, we explicitly stated, "We express no opinion on whether a new trial is necessary, but leave this to the sound discretion of the district court." 752 F.2d at 1002. The district court determined that a new trial was not necessary because the initial trial was a bench trial and the only issue on remand was the application of this Court's definition of "corruptly" under 7212(a) to the facts already presented. Accordingly, Reeves would be entitled to trial by jury only if it could be shown the district court abused its discretion by not retrying the case. Reeves made no showing. The district court's denial of a new trial was within the range of discretion granted by this Court's mandate and thus was not an abuse of discretion.

Reeves also claims that the district court was biased and this bias was evidenced by the fact that the trial judge made factual findings contrary to Reeves protestation of innocence and because the trial judge convicted Reeves on his earlier appearance. These claims do not establish sufficient bias to require a new trial. Alleged bias and prejudice must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned in the presentation of the case. *Cf. Curl v. International Business Machines Corporation*, 517 F.2d 212, 214 (5th Cir.1975), *cert. denied*, 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1976) (standard established for recusal request). The fact that the trial judge ruled against the defendant in an earlier appearance does not render the trial judge biased. *United States v. Harris*, 458 F.2d 670, 678 (5th Cir.), *cert. denied*, 409 U.S. 888, 93 S.Ct. 195, 34 L.Ed.2d 145 (1972).

Reeves next contends that the document filed against Agent LeClaire's residence was intended to serve as a petition of grievances against the federal government and that this exercise of his First Amendment rights is constitutionally protected. Reeves also claims that because he thought he was exercising his right to redress of grievances, the Government did not establish the element of intent. Therefore, the district court's finding that Reeves corruptly impeded the due administration of the Internal Revenue Code is not supported by the evidence.

The first amendment protects an individual's right to petition his government for redress of grievances, but in order to invoke this constitutional protection Reeves must establish that he had a "reasonable basis" for taking legal action against Agent LeClaire. *See Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983) ("[S]ince sham litigation by definition does not involve a bona fide grievance, it does not come within the first amendment right to petition").

The district court found that there was no legal basis for Reeves to file a lien on Agent LeClaire's property and that the filing of this lien was intended to impede LeClaire in the performance of his duties. The court stated that Reeves understood that he was filing a lien on the property of LeClaire and his family personally, not filing a suit or a petition for redress of grievances, and thus that Reeves' legal action against LeClaire was not constitutionally protected.

In *Reeves I* we held that "the filing of frivolous common law liens with the intention of securing improper benefits or advantages for one's self or others constitutes a prohibited corrupt endeavor under Section 7212(a)." 752 F.2d at 1001–02. On remand, the court found that Reeves had acted with the intention of securing benefits to himself insofar as the filing of the lien on LeClaire's property would divert his time and attention from pursuing tax investigations against Reeves and others. The district court concluded as a matter of law that Reeves had violated § 7212(a).

■ On appeal, Reeves has simply presented an alternative view of the evidence; and this is not sufficient for the reversal of a conviction. *See United States v. Colwell,* 764 F.2d 1070, 1072 (5th Cir.1985). In reviewing a sufficiency of evidence claim this Court will view the evidence in the light most favorable to the judgment and, deferring to reasonable inferences of fact drawn by the trial court, will determine whether a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *United States v. Barrilleaux,* 746 F.2d 254, 256 (5th Cir.1984).

■ The record establishes that the lien was without a legal basis. Agent LeClaire's only contact with Reeves was a ten minute interview with him at his home to inform Reeves that his tax liability was under investigation. Because LeClaire's only contact with Reeves was in connection with the IRS investigation, the district court's inference that the lien was filed because of the investigation and with the intent of harassing Agent LeClaire and diverting his energies from the investigation is reasonable. Reeves had presented himself pro se previously in litigation and had filed liens on the personal property of other persons he had disputes with; thus Reeves had reason to know that by filing the lien in the deed records office he was neither filing a lawsuit nor petitioning his government for a redress of grievances. The record supports the district court's finding of the element of intent. The conviction is supported by sufficient evidence. It is AFFIRMED.