[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2006
THOMAS K. KAHN
CLERK

No. 06-11299
Non-Argument Calendar
_____

D. C. Docket No. 05-01212-CV-ORL-31-KRS

UNITED STATES OF AMERICA,

Plaintiff-Counter-
Defendant-Appellee,

versus

JONATHAN KAPLOWITZ,

Defendant-Counter-
Claimant-Appellant,

MARTHA O. HAYNIE, in her official capacity as
Comptroller, Orange County, Florida,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 11, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

The Government brought this suit against Jonathan Kaplowitz pursuant to 26 U.S.C. § 7402(a), seeking to expunge judgments that Kaplowitz recorded in the public records against several IRS and other government employees, and to enjoin him from recording any further documents. The district court granted the Government judgment on the pleadings and dismissed Kaplowitz's counterclaims for lack of subject matter jurisdiction. Kaplowitz now appeals, arguing the district court (1) lacked jurisdiction to hear the Government's complaint[1]; (2) erred in granting the Government judgment on the pleadings; (3) violated his First Amendment and due process rights; (4) abused its discretion in denying his motion for recusal; and (5) erred in dismissing his counterclaims. After review, we affirm.

We first consider Kaplowitz's argument that the district court erred in granting the Government judgment on the pleadings. We review a district court's grant of judgment on the pleadings de novo. *See Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). "Judgment on the pleadings is appropriate when there are

---

[1]Kaplowitz argues the district court lacked jurisdiction because (1) no Government employee suffered any injury and, therefore, the Government lacked standing to pursue the action; and (2) he and the Orange County Department of records do not reside on federal territory, and there was no evidence he was involved in any federally regulated activity. These arguments are wholly without merit, so we reject them without further discussion. Furthermore, Kaplowitz's argument that the Government failed to prove its action was authorized by the Secretary of the Treasury or the Attorney General in accordance with § 7401 was raised for the first time in a post-judgment motion. As there was no reason why the argument could not have been raised earlier, the district court did not err in denying his motion, and the argument cannot be considered now on appeal. *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

no material facts in dispute and the moving party is entitled to judgment as a matter of law. All facts alleged in the complaint must be viewed in the light most favorable to the nonmoving party." *Id.*

Section 7402(a) of the Internal Revenue Code gives district courts jurisdiction to "to make and issue in civil actions, writs and orders of injunction, and . . . such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). "The language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws" and, therefore, it can be used to enjoin interference with tax enforcement "even when such interference does not violate any particular tax statute." *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984).

A district court may enjoin conduct where (1) a party establishes a violation of the right asserted in his complaint; (2) there is no adequate remedy at law; and (3) he will sufferable irreparable harm if the conduct is not enjoined. *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 2862 (2006). Although we have not directly addressed the issue, several circuits have held § 7402(a) gives the district court authority to declare void and enjoin baseless common law liens or other similar documents recorded in the

3

public records against government employees and officials. *See Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985); *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984); *United States v. Hart*, 701 F.2d 749, 749 (8th Cir. 1983). Other circuits have also held that common law liens filed by tax protesters in retaliation for actions taken by the IRS are invalid. *See United States v. McKinley*, 53 F.3d 1170, 1172 (10th Cir. 1995) (noting the authority of a citizen to exact a commercial lien on a public official "has no mooring in either federal or state law"); *United States v. Reeves*, 782 F.2d 1323, 1325 (5th Cir. 1986). Because Kaplowitz's judgments were without any legal basis, not issued by court order, and would have interfered with the Government's enforcement of the Internal Revenue Code, the district court did not err in granting the Government judgment on the pleadings.

Kaplowitz next asserts the district court's action in enjoining him from filing further recordings constituted a prior restraint in violation of the First Amendment. Although "any system of prior restraint . . . bear[s] a heavy presumption against its constitutional validity," *Se. Promotions, Ltd. v. Conrad*, 95 S. Ct. 1239 (1975), deliberately false or misleading statements are not afforded First Amendment protection, *Bill Johnson's Rests., Inc. v. N.L.R.B.*, 103 S. Ct. 2161, 2170 (1983). Baseless or frivolous litigation is also not immunized by the First Amendment. *Id.* Although we have not directly addressed the issue, other circuits have held a court

4

does not violate a taxpayer's First Amendment rights by enjoining him from either filing frivolous claims with respect to federal income tax, or from recording common law liens against IRS employees in public records. *See United States v. Kaun*, 827 F.2d 1144, 1152-53 (7th Cir. 1987); *Reeves*, 782 F.2d at 1325. Accordingly, Kaplowitz's free speech rights were not violated because he has no First Amendment right to file judgments in the public record that are not issued by a court of law.

Kaplowitz's due process argument similarly fails. He argues the court violated his due process rights by (1) not allowing him to ask questions or present witnesses at the preliminary hearing; and (2) refusing to follow Federal Rule of Civil Procedure 52(a) in issuing its decision. To sustain a procedural due process claim, a party must prove he was deprived of a constitutionally protected property or liberty interest. *Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1436 (11th Cir. 1998). Because Kaplowitz does not have a liberty interest in filing judgments in the public record that have no legal basis and are not issued by a court of law, the district court's actions did not violate his due process rights.

Kaplowitz next asserts the district judge should have granted his motion for recusal on the basis of bias. We review a district court's denial of a motion for recusal for abuse of discretion. *United States v. Bailey*, 175 F.3d 966, 968 (11th

5

Cir.1999). Under the abuse of discretion standard, we "will affirm a district judge's refusal to recuse himself unless we conclude that the impropriety is clear and one which would be recognized by all objective, reasonable persons." *Id.*

Under 28 U.S.C. § 455(a), a federal judge must disqualify himself if his "impartiality might reasonably be questioned." To disqualify a judge under § 455(a), the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *Bailey*, 175 F.3d at 968 (quotation omitted). In *Liteky v. United States*, 114 S. Ct. 1147, 1158 (1994), the Supreme Court held where a judge's challenged actions "consist[ed] of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses," such actions were not sufficient to require recusal under § 455.

The judge here did not abuse his discretion in denying Kaplowitz's motion to recuse himself because the actions challenged by Kaplowitz—that the judge did not allow him to question witnesses and did not make findings of fact or conclusions of law in accordance with Fed.R.Civ.P. 52(a)—relate purely to the judge's judicial rulings and routine administrative efforts, which are insufficient to require recusal under § 455. Additionally, no reasonable observer would question the judge's impartiality in this case.

6

Finally, Kaplowitz argues the district court erred in dismissing his counterclaims for lack of subject matter jurisdiction. We review questions of subject matter jurisdiction de novo. *Palmer v. Braun*, 376 F.3d 1254, 1257 (11th Cir. 2004). "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." *United States v. Dalm*, 110 S. Ct. 1361, 1368 (1990) (quotations omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 116 S. Ct. 2092, 2096 (1996) (citations omitted).

Additionally, the Anti-Injunction Act (AIA) prohibits suits brought by any person for the purpose of restraining the assessment or collection of any tax. 26 U.S.C. § 7421(a). This provision is interpreted broadly and includes suits that do not directly concern the collection or assessment of tax, but might ultimately result in such assessment or collection. *See Hobson v. Fischbeck*, 758 F.2d 579, 580-81 (11th Cir. 1985) (holding plaintiff's suit seeking order to enjoin IRS from investigating him for federal income tax evasion fell within § 7421(a)). A narrow judicial exception to the AIA exists:

> Federal courts may enjoin the collection of taxes if it can be shown that (1) under no circumstances could the government ultimately prevail on its tax claim and (2) equity jurisdiction otherwise exists; either ground being conclusive. Therefore, the general rule is that,

7

except in very rare and compelling circumstances, federal courts will not entertain actions to enjoin the collection of taxes.

*Mathes v. United States*, 901 F.2d 1031, 1033 (11th Cir. 1990) (citations omitted).

Because Kaplowitz pointed to no statute waiving the Government's sovereign immunity, and the AIA expressly prohibits suits brought by any person for the purpose of restraining the assessment or collection of any tax, the district court did not err in finding it had no subject matter jurisdiction over Kaplowitz's counterclaims. Accordingly, we affirm.

**AFFIRMED.**