# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40776
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ZACK SAYAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-956-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Zack Sayas appeals from his jury verdict conviction for conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, possession with intent to distribute approximately 11.94 kilograms of methamphetamine, conspiracy to import a controlled substance into the United States, and importing approximately 11.94 kilograms of methamphetamine. For the first time, he argues that the district court erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40776

by misstating the law in the jury instruction for the public authority defense. We review this unpreserved challenge for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Reeves*, 752 F.2d 995, 1000 (5th Cir. 1985).

The jury was instructed that, pursuant to the public authority or government authorization defense, it should find Sayas not guilty of all four charges if he proved "by a preponderance of the evidence that he was acting as an authorized government agent to assist in law enforcement activity at the time of the offense charged in the indictment." Sayas acknowledges our holding in *United States v. Sariles*, 645 F.3d 315, 317-18 (5th Cir. 2011), that the public authority defense requires the government agent to have actual authority to permit the defendant's act, but he specifies in his reply brief that he is not relying on a theory of apparent authority. Sayas contends that the jury should have instead been told that he had a "reasonable belief" that he was acting as an authorized government agent in relation to the charged offenses.

The reasonableness of the defendant's belief that he was acting as an authorized government agent is a relevant jury consideration for purposes of a public authority defense. *See United States v. Hale*, 685 F.3d 522, 542 (5th Cir. 2012); *Sariles*, 645 F.3d at 318. Nevertheless, even if it is assumed that this omission constituted clear or obvious error in this case, Sayas has not met his burden of showing that the error affected his substantial rights or that we should exercise our discretion to correct that error. *See Puckett*, 556 U.S. at 135; *United States v. Andaverde-Tinoco*, 741 F.3d 509, 522-23 (5th Cir. 2013).

Accordingly, the district court's judgment is AFFIRMED.