UNITED STATES of America, Plaintiff,

v.

James J. KASSOUF, Defendant.

No. 95 CR 199.

United States District Court,
N.D. Ohio,
Eastern Division.

Nov. 19, 1996.

John M. Siegel, Office of the U.S. Attorney, Cleveland, OH, for Plaintiff.

Robert J. Rotatori, Sr., Gold, Rotatori, Schwartz & Gibbons, Cleveland, OH, J. Timothy Bender, Roetzel & Andress, Cleveland, OH, for Defendant.

### MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT 26

WELLS, District Judge.

This case is before Court on defendant James J. Kassouf's motion to dismiss Count 26 of the indictment. Kassouf contends Count 26 does not allege that he engaged in conduct which violates 26 U.S.C. § 7212(a). Alternatively, Kassouf argues that § 7212(a) is unconstitutionally vague.

For the reasons which follow, the Court finds Count 26 does not allege that Kassouf engaged in conduct which, if true, would violate § 7212(a). Accordingly, the Court will dismiss this count.

### COUNT 26

Count 26 of the indictment alleges that Kassouf corruptly endeavored to obstruct or impede the due administration of the internal revenue laws by (1) obtaining the personal use of the assets of certain partnerships without maintaining records necessary to reflect the tax consequences of this personal use, (2) using partnership and corporate bank accounts to conceal income, and (3) impeding and obstructing the IRS's ability to audit and determine the tax consequences of transactions (Count 26, paragraph 5). More specifically, the indictment alleges that Kas-

souf endeavored to obstruct or impede the due administration of the tax laws by;

    (a) failing to maintain partnership books and records (Count 26, paragraphs 6 and 7);

    (b) causing certain partnerships to borrow funds which were used in part for Kassouf's personal benefit. Kassouf allegedly concealed the transactions by failing to maintain books and records reflecting the disposition of the funds, and failing to accurately report the existence and disposition of the loans on the partnerships' tax returns (Count 26, paragraph 8);

    (c) using funds in partnership bank accounts for his personal benefit and for other purposes without reporting the disbursements and without maintaining books, records or any other accounting of the disbursements or the disposition of the funds. "On occasion" funds were transferred between accounts before the personal expenditures were made (Count 26, paragraph 9(a), (b) and (d));

    (d) failing to report or improperly reporting interest income earned on partnership accounts (Count 26, paragraph 9(c):

    (e) causing a partnership to transfer to another partnership property that was part of the proceeds of a sale, without making any record of the sale or the property transfer on the books and records of either partnership (Count 26, paragraph 10); and

    (f) causing partnerships to file tax returns which (i) failed to disclose money and property deposited or transferred to them or withdrawn or transferred from them, and (ii) failed to disclose assets they held on the tax return balance sheet (Count 26, paragraph 11).

### LAW AND ANALYSIS

Count 26 alleges a violation of the "omnibus clause" of § 7212(a), which provides:

    **(a) Corrupt or forcible interference.—** Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or *in any other way corruptly* or by force or threats of force (including any threatening letter or communication) *obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title,* shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both.... (Emphasis added.)

Kassouf argues the omnibus clause must be limited to conduct which obstructs or impedes a pending audit or investigation.

■ Statutes prohibiting conduct which obstructs or impedes "the due administration of justice" have long been construed to require the existence of a judicial proceeding of which the defendant had notice, as a precondition to the commission of an offense. *See, e.g.,* 18 U.S.C. § 1503. This limitation has sometimes been described as requiring a "nexus" or "relationship in time, causation or logic" between the defendant's act and a judicial proceeding. *United States v. Aguilar,* —— U.S. ——, ——, 115 S.Ct. 2357, 2362, 132 L.Ed.2d 520, 529 (1995). "The obstruction of the due administration of justice in any court of the United States ... can only arise when justice is being administered." *Pettibone v. United States,* 148 U.S. 197, 207, 13 S.Ct. 542, 546, 37 L.Ed. 419 (1893); *also see Aguilar,* —— U.S. ——, 115 S.Ct. 2357, 132 L.Ed.2d 520. "[I]f the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct." *Aguilar,* —— U.S. at ——, 115 S.Ct. at 2362, 132 L.Ed.2d at 529.

The strong similarity between the language of 18 U.S.C. § 1503 (prohibiting obstruction or interference with the "due administration of justice") and the omnibus clause of 26 U.S.C. § 7212(a) (prohibiting obstructing or impeding "the due administration of this title") supports similar construction. As the Supreme Court noted in *Aguilar,* —— U.S. at ——, 115 S.Ct. at 2362, 132 L.Ed.2d at 529, courts "have traditionally exercised restraint in assessing the reach of a federal criminal statute, both out of deference to the prerogatives of Congress, ... and out of concern that 'a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is

passed.'" Given the wide range of conduct encompassed by the omnibus clause, the circumstances under which such conduct is prohibited should be defined so as to put the potential violator on notice that his or her conduct may be prohibited.

 The other elements of the omnibus clause—the requirements that the defendant act "corruptly" and with intent to obstruct or impede—are insufficient to create the necessary "nexus" or relationship between the defendant's conduct and "the due administration of this title." Intentions are not punishable in themselves; there must be some likelihood that the conduct will produce the intended result. Furthermore, specific intent to obstruct or impede is impossible to infer unless the defendant has notice or knowledge of a proceeding which his or her conduct would obstruct or interfere with. One cannot be held criminally liable for conduct intended to obstruct or impede a government action that may never occur. *Aguilar*, —— U.S. at —— – ——, 115 S.Ct. at 2362–63, 132 L.Ed.2d at 529–30; *Pettibone*, 148 U.S. at 207, 13 S.Ct. at 546 ("while, with knowledge or notice of [a judicial proceeding], the intent to offend accompanies obstructive action, without knowledge or notice the evil intent is lacking").

The parallel between 18 U.S.C. § 1503 and the omnibus clause of 26 U.S.C. § 7212(a) is not exact. While judicial proceedings are relatively narrowly defined, "the Internal Revenue Service is permitted great power to intrude on and investigate virtually every aspect of economic life to effect its purpose of administering the tax laws...." *United States v. Reeves*, 752 F.2d 995, 999 (5th Cir.1985). However, the breadth of the Internal Revenue Service's powers does not mean that one always has knowledge that one's conduct may interfere with the IRS's administration of the tax laws. Rather, the broad prohibition against endeavoring to obstruct or impede "the due administration of [Title 26]" should be limited to conduct which has the natural and probable effect of obstructing or impeding a pending government action under the Internal Revenue Code, of which the defendant had notice. *See Agui-*

*lar*, —— U.S. at —— – ——, 115 S.Ct. at 2362–63, 132 L.Ed.2d at 529 (describing nexus requirement).[1]

 In this case, the relationship between the defendant's alleged conduct and "the due administration of [Title 26]" is severely attenuated. Kassouf is alleged to have taken actions even before filing a tax return in order to obstruct or impede some future government investigation of which he necessarily had no knowledge. For his alleged intent to obstruct or impede to be accomplished, the government would have to undertake an investigation or audit of the tax returns. A taxpayer might be concerned or anticipate the IRS will review or audit his or her return, but among the hundreds of thousands of returns filed every year, an audit of any particular return is not guaranteed. The effect of Kassouf's alleged activities on the administration of the tax laws is so speculative that § 7212(a) cannot be read to prohibit it. *See Aguilar*, —— U.S. at ——, 115 S.Ct. at 2363, 132 L.Ed.2d at 530.

For these reasons, the Court grants Kassouf's motion, and hereby dismisses Count 26 of the indictment. This case will proceed to trial on the remaining counts.

---

1. Such government action might include a subpoena, audit, or criminal tax investigation, though this listing is not intended to be exhaustive.