**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Patrick J. DAIN, Defendant—Appellant.**

**No. 06–50446.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 27, 2007.

[redacted]

Michael J. Raphael, Esq., Steven M. Arkow, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Lowell H. Becraft, Esq., Huntsville, AL, Derek L. Tabone, Law Offices of Derek L. Tabone, Van Nuys, CA, for Defendant–Appellant.

[redacted]

Before: BYBEE and M. SMITH, Circuit Judges, and MILLS,* District Judge.

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

MEMORANDUM **

A jury convicted Defendant Patrick Dain ("Dain") of multiple counts of making false statements under penalty of perjury in violation of 26 U.S.C. § 7206(1) for filing false tax returns and one count of obstruction in violation of 26 U.S.C. § 7212(a). Dain appeals his convictions and sentence. The facts and the rest of the procedural history are familiar to the parties, and we do not repeat them here.

## ANALYSIS

### A. Challenges to Obstruction Charge

### 1. Statute of Limitations Defense

Dain first asserts that many of the actions alleged in support of the obstruction charge were barred by the statute of limitations and that the trial court erred by failing to give jury instructions on this limitations defense.

Under 26 U.S.C. § 6531(6), a six-year statute of limitations period is imposed for violations of 26 U.S.C. § 7212(a), with the period running from the date on which the last overt act was committed. *United States v. Carlson*, 235 F.3d 466, 470–71 (9th Cir.2000). Since not all of the acts underlying the obstruction charge fell within the six-year period,[1] Dain argues that he was entitled to a jury instruction explaining that at least one of them must fall within the limitations period before he could be convicted. *See United States v. Fuchs*, 218 F.3d 957, 961 (9th Cir.2000). The government, however, points out that Defendant failed to raise the limitations issue at trial and urges this court to deem the arguments waived.

Since Dain has recast his statute of limitations argument as a failure to instruct the jury, and because he failed to raise this issue at trial, we review for plain error. *See Carlson*, 235 F.3d at 470. In order to prevail under the plain error standard, an appellant must show that there was (1) an error, (2) that the error was "plain," meaning that it was "clear and obvious," *Fuchs*, 218 F.3d at 962 (citation omitted), and (3) that the error "affect[ed] substantial rights," *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). "An error prejudices substantial rights of a defendant when it affect[s] the outcome of the proceedings." *Fuchs*, 218 F.3d at 962 (9th Cir.2000) (citations and internal quotations omitted).

First, while an error occurred, it was not "clear and obvious" because Dain failed to alert the court to any possible limitations defense. *Cf. Fuchs*, 218 F.3d at 962 (limitations instruction clearly required where defendants had raised statute of limitations defense earlier in the proceedings). Second, and more significantly, no substantial rights were prejudiced, because the outcome of the trial was not affected. Dain concedes that several of the acts alleged were within the statute of limitations period. Many of these non-barred acts overlap with the false return counts on which Dain was convicted, showing that the jury did not rely exclusively on actions outside of the statute of limitations. *See United States v. DeGeorge*, 380 F.3d 1203, 1215–16 (9th Cir.2004); *Carlson*, 235 F.3d at 471. As such, the trial court did not commit plain error in failing to instruct the jury on an unraised statute of limitations defense.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the indictment was filed on June 1, 2005, acts occurring prior to June 1, 1999, fall outside this period and are not, standing alone, sufficient to satisfy the statute of limitations.

### 2. Double Jeopardy/Multiplicity Claim

■ Dain next argues that the government violated the Double Jeopardy clause of the Fifth Amendment by charging and sentencing him under both § 7212(a), for obstruction, and § 7206(1), for filing a false tax return. Specifically, Dain asserts that two of the nine acts alleged in support of the obstruction count were identical to the actions providing the basis for the false tax return charges and were, therefore, multiplicious.

The test for multiplicity is "whether each separately violated statutory provision requires proof of an additional fact which the other does not." *United States v. Vargas–Castillo*, 329 F.3d 715, 719 (9th Cir.2003) (citations and internal quotations omitted). Comparing the elements of 26 U.S.C. § 7206(1) and § 7212(a), it is clear that a false filing violation under § 7206(1) requires a signed writing under penalties of perjury, whereas an obstruction charge under § 7212(a) does not. Conversely, the obstruction charge requires that defendant corruptly obstruct or impede United States officers or the administration of the IRC, whereas the false filing statute does not mandate such a showing. Therefore, the indictment did not violate the Double Jeopardy clause of the Fifth Amendment.

### 3. Sufficiency of Evidence in Absence of Oath

■ Dain claims the trial court erred in refusing to force the government to produce the IRS agents' oaths of office taken pursuant to 5 U.S.C. §§ 3331 and 3332. He claims that this alleged wrong proves that the evidence does not support a conviction for corruptly impeding a United States officer or employee. This argument fails.

First, the jury may have convicted Dain for obstructing the due administration of the IRC, rather than the alternative theory of conviction for intimidating a federal officer or employee. *See Griffin v. United States*, 502 U.S. 46, 47, 59–60, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991) (upholding jury's guilty verdict where the evidence on one ground was inadequate but sufficient on another ground). Second, even if the oath requirement were not met, the government's witnesses would still be officers or employees of the government. The language of the statute itself specifically states that an "officer" must file the oath 30 days "after" appointment, implying that he or she is and remains an officer even if the condition is not met. 5 U.S.C. § 3332. *See In re Grand Jury Subpoenas Duces Tecum*, 78 F.3d 1307, 1312 (8th Cir.1996) ("The use of the word 'after' [in § 3332] expressly negates the claim that the filing of the affidavit is a condition precedent to [the] execution" of an officer's duties.). Further, the oath filing statute covers only "officers," 5 U.S.C. § 3332, whereas the contempt statute covers both officers and employees, 26 U.S.C. § 7212(a). No argument can be made that the IRS agents in this case were not employees. Therefore, this court will not overturn Dain's conviction for a lack of evidence.

### 4. Obstructive Conduct Challenges

■ Dain next attacks various portions of the indictment. First, relying primarily upon *United States v. Kassouf*, 948 F.Supp. 36 (N.D.Ohio 1996), *aff'd*, 144 F.3d 952 (6th Cir.1998), Dain claims that the government could not bring an obstruction charge against him based on actions relating to tax years not subject to any pending IRS action. We have previously held, however, that "[t]he law of this circuit establishes that the government need not prove that the defendant was aware of an ongoing tax investigation to obtain a conviction under § 7212(a)...." *United States*

*v. Massey,* 419 F.3d 1008, 1010 (9th Cir. 2005) (citation omitted). As such, Dain's claim is utterly devoid of merit.

■ Second, Dain, without citing any supporting case law, claims that his statement to an IRS agent that he would have her arrested if she came on his property could not, standing alone, support a conviction for a violation of § 7212(a), because his statement was an accurate assessment of his legal rights and thus could not have been made "corruptly." In this case, however, the statement appeared in the indictment merely as one piece of evidence which, coupled with other similar threats and obstructive acts, supported the permissible legal theory that Dain intended to impede IRS agents.

**B. Challenge to Counts II—VIII: Sufficiency of the Evidence**

Dain makes two sufficiency of evidence arguments: (1) that listing his wages as "0" on his tax return was not "material" and (2) that the government failed to prove an intent to defraud. Evidence is sufficient where "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original).

■ First, Dain asserts that since he included his W–2s with his tax returns, his failure to report his actual wages for the years 1994–2000 was immaterial. Materiality is a mixed question of law and fact for the jury to decide. *United States v. Uchimura,* 125 F.3d 1282, 1286 (9th Cir.1997). In this case, the government presented the testimony of an IRS agent who explained that correct wage and income amounts were necessary in order to determine the amount of tax due. This testimony alone, if believed, supports a jury finding of materiality.

■ Second, Dain claims that the government should have had to prove an intent to defraud and, since it did not prove such an intent, insufficient evidence remained to support a conviction for false filing. Intent to defraud, however, is not an element under § 7206(1), and thus the government had no duty to offer proof on this issue.

Therefore, we conclude that the evidence adduced at trial sufficiently supports Dain's § 7206(1) convictions.

**C. Jury Instructions**

Dain next argues that the trial court erred in denying many of his jury instructions. "[W]hether the district court's instructions adequately presented the defendant's theory of the case is reviewed *de novo,*" but if those instructions "fairly and adequately covered the elements of the offense ... we review the instruction's precise formulation for an abuse of discretion." *United States v. Somsamouth,* 352 F.3d 1271, 1274 (9th Cir.2003) (citations and internal quotations omitted).

■ Dain's challenges fail because in every case the instruction the district court denied was either duplicative, otherwise adequately covered by other instructions given, or an inaccurate statement of the law. *See United States v. Lopez–Alvarez,* 970 F.2d 583, 597 (9th Cir.1992) (holding that the court need not give duplicative instructions); *United States v. Martinez–Martinez,* 369 F.3d 1076, 1083 (9th Cir. 2004) (holding that it is not reversible error to reject a defendant's proposed jury instruction on his theory of the case if other instructions adequately cover the defense theory).

## D. Equitable Estoppel

Dain also argues for application of equitable estoppel because, he claims, the government induced him to file the false returns and then reneged on its promise to negotiate with him after he filed. Applying equitable estoppel against the government is disfavored, and the record suggests no facts giving rise to such a claim in this case.

## E. Sentencing Claims

Finally, Dain alleges that his sentence was imposed in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the trial court impermissibly found facts that subjected him to a higher sentence, and in violation of *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), because those facts constituted an element of the § 7212(a) offense. Specifically, Dain objects to the trial judge's finding that he threatened to cause physical injury to a revenue officer's family, which resulted in a 36 month sentence on the obstruction charge. Neither *Jones* nor *Apprendi,* however, is violated here, because the jury made the relevant findings to subject Dain to a three-year maximum sentence.

Section 7212(a) may be violated (1) corruptly (by corrupt actions), (2) by force, or (3) by threats of force. § 7212(a). While the former two violations may be punished with a three year sentence, the third type of violation, standing alone, carries only a one year maximum sentence. *Id.* The jury was instructed that a conviction under § 7212(a) required a finding that Dain acted "corruptly." Since the jury is presumed to follow instructions, *United States v. Heredia,* 483 F.3d 913, 923 (9th Cir. 2007) (en banc), its guilty verdict shows that they did indeed find that Dain acted "corruptly," thus subjecting him to a maximum sentence of three years. The trial judge's additional finding that a threat of violence occurred did not raise the maximum sentence but merely allowed him to determine the pertinent guideline range within the statutory maximum as allowed under the advisory guidelines. *See United States v. Dupas,* 419 F.3d 916, 919 (9th Cir.2005).

## CONCLUSION

For the reasons stated above, this court affirms Dain's convictions and sentence

**AFFIRMED.**